## 53267. BROOME v. THE STATE.

McMURRAY, Judge.

On Christmas Day, 1975, the defendant and one Charles Daugherty were involved in a drinking spree in which they consumed considerable alcoholic beverages. Daugherty received considerable physical injury to his face resulting in bleeding from this area which caused his death from aspiration of blood into the lungs (drowning). Defendant contends that Daugherty received the injuries from falling and passing out and that he was attempting to help him, both being in a drunken condition.

Defendant was indicted for murder of Daugherty by stomping and kicking him with his feet and by other

means unknown to the grand jurors. He was convicted of voluntary manslaughter and was sentenced to a term of three years. A motion for new trial was filed, later amended, and denied. Defendant appeals. *Held:*

1. Generally, the enumerations of error are concerned with the calling of the wife as a state's witness and requiring her, in the presence of the jury, to state her election not to testify against her husband. A wife is competent, but not compellable, to give testimony in any criminal proceeding for or against her husband. Code Ann. § 38-1604 (Ga. L. 1957, p. 53); *James v. State,* 223 Ga. 677, 683 (157 SE2d 471).

Defendant first made a motion in limine (on the threshold of the trial) for an order instructing the assistant district attorney not to make any direct or indirect reference to a privileged communication between the defendant and his wife or any statement the wife might have made to the police in that the wife indicates that she does not wish to testify. This motion was denied. The wife was then compelled to take the witness stand and was required to invoke the privilege of not testifying against her husband before the jury.

The trial was held on March 29, 1976, and the state relied heavily upon *Merneigh v. State,* 123 Ga. App. 485 (2) (181 SE2d 498). But in *Colson v. State,* 138 Ga. App. 366, 371 (226 SE2d 154), decided April 16, 1976, the case of *Merneigh* was expressly disapproved in a five judge decision by this court (other judges were in favor of reversing on other grounds, and only three judges dissented). Under the authority of the *Colson* case the lower court should have granted the motion or at least had a hearing on the motion out of the presence of the jury and allowed the wife to make her election not to testify instead of compelling her to take the witness stand as a sworn witness and compelling her on examination before the jury to refuse to offer testimony in the case.

When the wife was called as a witness, counsel for defendant again objected to her being called, at which time the court ruled that the state had a right to call her even though she doesn't have to testify if she doesn't want to, but that she will have to exercise the privilege herself. Counsel for defendant should have then moved for the

court to allow her to be first examined out of the presence of the jury. This he did not do even though the court had previously denied his motion in limine without considering evidence. The wife was then forced to make her election before the jury not to testify against her husband, in violation of *Colson v. State,* 138 Ga. App. 366, 369 (13), supra.

A motion for mistrial was made to the opening statement made by the assistant district attorney in which he discussed before the jury the fact that the wife might or might not testify. The failure of the wife to testify was not a proper subject matter of argument. See *James v. State,* 223 Ga. 677 (5), supra.

But these errors were thereafter rendered harmless when the wife elected to take the stand as a defense witness, waived any and all rights she might have had under Code Ann. § 38-1604, supra, and testified. See *Kellar v. State,* 226 Ga. 432 (1) (175 SE2d 654).

2. The remaining enumeration of error concerns the admission in evidence of the testimony of the detective as to statements made by the wife in his presence and in the presence of the defendant as to why he (the defendant) had done it. A witness may testify as to what he saw and heard in the defendant's presence. See *Hewitt v. State,* 127 Ga. App. 180 (2) (193 SE2d 47); *Jefferson v. State,* 136 Ga. App. 63, 66 (4) (220 SE2d 71). There is no merit in this complaint.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JANUARY 18, 1977 — DECIDED
MARCH 9, 1977.

*R. Allen Hunt,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Dean R. Davis, Assistant District Attorneys,* for appellee.