## 32745. MOORE et al. v. THE STATE.

MARSHALL, Justice.

The three appellants were convicted of the armed robbery of the Krispy Kreme Doughnut office on Ponce de Leon Avenue. The evidence at trial showed that the office was robbed on December 3, 1976, by two men wearing ski. masks. They stole $3,806.

Approximately three weeks later, Evelyn Williams, the state's key witness, informed the police that the appellants were the perpetrators of this robbery. She told the police, and later testified at trial, that she and appellant Grant were living together at the time. He arrived at their apartment on the night of the robbery with appellant Martin and a third man named Ellison. They had a gun, other paraphernalia, and a large sum of

money, which she helped them count. They told her that they had just robbed the Krispy Kreme Doughnut office at the suggestion of appellant Rosemary Moore, who was an employee there. She had told them that a large amount of money was temporarily being held in the office. Williams later observed appellant Moore receive $250 for her involvement in the crime.

Appellant Moore and Donald Bennett were the employees present in the office at the time of the robbery. Mr. Bennett testified that the robbers did not ask any questions, but proceeded directly to the safe where the money was being stored. The investigating police officer testified that he inferred from this that it was an "inside job."

1. The appellants contend that the testimony of state's witness Williams should have been excluded for lack of corroboration under Code § 38-121, because she was an accomplice to the crime. They argue that Williams' admission that she helped them count the stolen money shows that she was a party to the crime within the meaning of Code Ann. § 26-801 (Ga. L. 1968, pp. 1249, 1271) and that she was, therefore, an accomplice within the meaning of Code § 38-121.

We find this argument to be without merit. Under no view of the evidence introduced at trial could the witness be considered an accomplice to the crime with which the appellants were charged. If her conduct had risen to the violation of any penal law, it would have been Code Ann. § 26-2503 (Ga. L. 1968, pp. 1249, 1312), which imposes criminal penalties for hindering the apprehension or punishment of a criminal. One guilty of violating Code Ann. § 26-2503 would be classified as an "accomplice after the fact" at common law, and such an offender is not considered an "accomplice" within the meaning of Code § 38-121 (see, e.g., *Mills v. State,* 193 Ga. 139 (17 SE2d 719) (1941); *Kearce v. State,* 178 Ga. 220 (172 SE 643) (1933); *Springer v. State,* 102 Ga. 447 (30 SE 971) (1897); *Allen v. State,* 74 Ga. 769 (1885)), or a "party to the crime" under Code Ann. § 26-801, supra. See Committee Notes to Code Ch. 8; *Pressley v. State,* 207 Ga. 274 (61 SE2d 113) (1950). See generally, Perkins, Criminal Law, 578 et seq.; La-Fave & Scott, Criminal Law, 495-96. At common law

and under modern practice, an accessory after the fact is not considered an accomplice to the underlying crime itself, but is guilty of a separate, substantive offense in the nature of an obstruction of justice.

2. The appellants contend that Williams' testimony concerning statements made by the robbers at her apartment was inadmissible as hearsay.

Williams testified on direct examination as to statements that "they" — Grant, Martin, and Ellison — had made. However, on cross examination she testified that the other accomplice, Ellison, who was not on trial, did not say anything. Thus, Williams was testifying as to statements made by appellants Grant and Martin, and they made those statements in each other's presence. Such testimony is not inadmissible on the ground that it is hearsay. A witness may testify as to what he saw and heard in the defendant's presence. See *Broome v. State,* 141 Ga. App. 538 (2) (233 SE2d 883) (1977). Although under this exception to the hearsay rule the testimony was not admissible against appellant Moore, there was no request for the trial judge to limit its admissibility to the defendants making the statements. "[S]ince the testimony was admissible, though only for a limited purpose, the trial judge did not err in refusing to exclude it completely from evidence." *Munsford v. State,* 235 Ga. 38, 44 (218 SE2d 792) (1975).[1]

3. The appellants complain of the trial court's refusal to grant their motion for a mistrial on the ground that one of the jurors had seen appellant Grant in handcuffs following the first day of trial.

The appellants declined the opportunity to question the juror who had allegedly witnessed appellant Grant in handcuffs, and, thus, failed to establish that fact. In any event, the trial court did not abuse its discretion in

---

[1] Although this issue was not raised at trial, in our opinion the testimony was admissible against all three appellants under Code Ann. § 38-306 as declarations of a co-conspirator during the pendency of the criminal project. See *Pinion v. State,* 225 Ga. 36 (165 SE2d 708) (1969).

denying their motion for a mistrial. See, e.g., *Brand v. Wofford,* 230 Ga. 750 (6) (199 SE2d 231) (1973); *Morris v. State,* 228 Ga. 39 (18) (184 SE2d 82) (1971).

The evidence has been reviewed, and it is sufficient to support the verdicts.

*Judgment affirmed. All the Justices concur.*

Submitted September 9, 1977 — Decided November 10, 1977.

. *L. D. Langley, Jr., Joseph A. Maccione,* for appellants.

*Lewis R. Slaton, District Attorney, R. David Petersen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General,* for appellee.