## 40656. FAIRCLOTH v. THE STATE.
### (316 SE2d 457)

CLARKE, Justice.

Appellant was indicted and tried in DeKalb County for the murder of his wife and for burglary and aggravated assault upon Jack Moody. He was convicted of felony murder, aggravated assault and criminal trespass. He was sentenced to life for murder, and twelve months concurrently on the trespass; no sentence was entered on the aggravated assault which was merged into the felony murder. He appeals the murder conviction to this court and we affirm.

Appellant and the victim had been married since 1960. It became evident in 1981 that there were problems in the marriage. The victim worked as a counselor and assistant director at St. Jude House, a center for those with alcohol and drug problems. The victim was the counselor of Jack Moody at St. Jude's and a friendship developed which was known to appellant. There was evidence that Moody and the victim began seeing each other on a more personal level in the fall of 1982. There were several encounters and arguments between the appellant and his wife and the appellant and Moody over this relationship.

In December of 1982 appellant had an argument with his wife about her relationship with Moody and became angry when she would not reveal where Moody lived. During this incident appellant struck her about the face several times; the confrontation ended when the police arrived. At this point his wife moved into her own apartment.

During this period there was evidence that appellant had been following his wife and recording her movements on a calendar and had taped her phone conversations. On January 29, 1983, appellant was unable to find his wife at her apartment and drove by the home of Moody where he saw his wife's car. He walked around the house and saw his wife and Moody reading the newspaper.

Appellant retrieved a .38 automatic pistol and a camera from his car and entered the house. Moody and the victim had gone to bed. Appellant proceeded into the dark bedroom, jerked the covers off the bed and took a picture.

Moody testified that after the flash of the camera appellant fired the pistol once and then used the pistol to strike him on the head. Appellant testified that after he took the picture, Moody reached for the nightstand. He stated that he believed there was a gun in the nightstand and struck Moody on the head with his gun which then accidentally discharged. The bullet from the single shot struck the victim in the arm and traveled through her chest. Appellant called for emergency medical treatment and left. He returned shortly and was arrested on the scene. The gun, camera and a tape recorder were found in his car by the police.

1. During the trial Moody testified as to three previous incidents involving confrontations and conversations between himself and the appellant. Each was brought on by Moody's relationship with appellant's wife and occurred between September and December of 1982. The defense objected to this testimony on the grounds of relevancy and hearsay. The trial court ruled the testimony was relevant; testimony of statements made by appellant to Moody was allowed in and the court disallowed other statements attributable to Mrs. Faircloth. We find no error.

Evidence of the previous difficulties between the victim and the accused, occurring within three months of, and leading up to, the killing was relevant to show the state of mind and motives of the appellant. *Blalock v. State*, 250 Ga. 441 (298 SE2d 477) (1983). Appellant's statement to Moody that nobody was going to get his wife away from him was also admissible to show state of mind and motive. *Dover v. State*, 250 Ga. 209 (296 SE2d 710) (1982).

2. Prior to trial the defense filed a motion pursuant to OCGA § 17-7-211 for production of scientific reports. Copies of all written reports were supplied by the state prior to trial. The appellant contends that testimony of Kelly Fite, firearms examiner for the state crime lab, concerning a spent cartridge in the murder weapon, should have been stricken because no written report on that subject was submitted. Fite testified that he examined firing pin impressions on the spent cartridge from the murder weapon to determine if there had been multiple strikes on the cartridge case. He then said that there was no difference between a cartridge with one strike and one with many strikes. OCGA § 17-7-211 attaches only when there is a writing. *Law v. State*, 251 Ga. 525 (307 SE2d 904) (1983). All written reports were produced and the prosecution violated no right of the accused.

3. Appellant next contends that it was error to overrule his hearsay objection to the testimony of Officer Lane. Lane was the police officer called to the home of the Faircloths on the morning of December 14, 1982. A co-worker of Mrs. Faircloth had driven to the home to give her a ride to work. When she arrived appellant and his wife were outside and the appellant was armed and threatened the co-worker

who drove away and phoned police.

Officer Lane testified that when he arrived at the home he observed redness around Mrs. Faircloth's face and head. Lane stated that he asked what the problem was and Mrs. Faircloth replied that her husband hit her several times and put a gun to her head. Appellant told Lane that the gun was not loaded. The objection was to Lane's testifying as to the statement made by Mrs. Faircloth.

Hearsay is defined in Georgia as evidence "which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1. At trial the prosecution relied on *Broome v. State,* 141 Ga. App. 538 (233 SE2d 883) (1977), which states that a witness may testify as to statements made by others in the presence of the accused. See also *Hewitt v. State,* 127 Ga. App. 180 (193 SE2d 47) (1972). *Hewitt* involved testimony of eyewitnesses to the crime and held that what they saw and heard in the defendant's presence was not hearsay. This conclusion was apparently based upon the fact that since the defendant was also present he could utilize a full and thorough cross-examination to challenge their testimony.

The problem with this analysis is apparent in the present case. The out-of-court declarant whose veracity would be at issue as to whether or not her husband hit her is Mrs. Faircloth who, of course, is now unavailable. The statement was not an outburst at the time of the crime charged but was made over a month before.

The presence of the party against whom a statement is offered has been considered relevant when considering hearsay but the presence is significant only when the issue is whether the accused heard the statement or had acquiesced in the statement. McCormick on Evidence, § 246 at p. 586. We note that presence of the out-of-court declarant at trial is also relevant and the modern trend is to allow the out-of-court (hearsay) statements of such witnesses because they may be directly cross-examined. McCormick, supra, § 251.

Even though hearsay, any error in its admission in this case would be harmless. Appellant himself testified that he struck his wife on that day because she had lied to him about her relationship with Moody. In addition it was cumulative of other evidence of the deteriorating marital relationship between the Faircloths.

4. The trial court included a charge on the offense of Peeping Tom in the charge to the jury. Appellant contends this was error because it was not alleged in the indictment and was not a lesser included crime of any indicted charge. Again we find no harm to the appellant. Examining the charge it is clear that in charging on felony murder the court instructed the jury that felony murder could only be found if the accused was in the commission of an aggravated assault or burglary. These were offenses included in the indictment and of

which the accused was on notice as required by our recent holding in *McCrary v. State*, 252 Ga. 521 (314 SE2d 662) (1984). Since the charge was not included in the felony murder charge and the appellant was not convicted of Peeping Tom, no harm has been shown.

5. Appellant also contends it was error not to grant a mistrial after the prosecuting attorney made what is contended to be an improper statement during closing argument. Pretermitting the issue of the propriety of the remarks, we find that the court's statements to the jury and counsel at the time of the objection and motion were sufficient to overcome the objection.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 1984.

*Manning & Leipold, Calvin A. Leipold, Jr.,* for appellant.

*Robert E. Wilson, District Attorney, John H. Petrey, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R, Dunn,* for appellee.