## A89A1971. HURSTON v. THE STATE.
(390 SE2d 119)

BEASLEY, Judge.

Hurston appeals his conviction and sentence as a recidivist, OCGA § 17-10-7 (b), for robbery by intimidation, OCGA § 16-8-41 (a), after a joint trial in which his brother was also a defendant.

The evidence construed so as to uphold the verdict, *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), showed that while ostensibly test driving an automobile, Hurston and his brother verbally intimidated the accompanying dealership salesman, left him off on the interstate, and took off with the car. Hurston's sole contention on appeal is that the trial court erred in not allowing him to testify on direct examination about a conversation among his brother and the victim/salesman and himself, on the basis of its being inadmissible hearsay.

The objection came when defense counsel asked Hurston to affirm that there had been a conversation in the automobile. The State interjected Hurston should not be allowed to testify to "any hearsay of his brother" in conversation with the salesman. It expressly did not object to Hurston testifying to what the salesman said in the exchange. Hurston made no proffer of proof and the court sustained the State's objection. Hurston related his own conversation with the salesman.

Hurston argues correctly that the refused testimony was not hearsay, OCGA § 24-3-1, because anything seen or heard by a witness in the presence of a defendant is admissible and does not constitute inadmissible hearsay in this state. *Moore v. State*, 240 Ga. 210, 212 (2) (240 SE2d 68) (1977). For a discussion of hearsay's definition, see McCormick on Evidence, § 246, p. 729 (1984 ed.).

Another reason is that testimony is considered hearsay only if the witness is testifying to another party's statement in order to prove or demonstrate the truth of that statement. See *Fugitt v. State*, 256 Ga. 292, 295 (1) (c) (348 SE2d 451) (1986). See also *Salem v. State*, 228 Ga. 186, 188 (3) (184 SE2d 650) (1971). Otherwise it is a verbal act and thus original evidence rather than hearsay. 29 AmJur2d 555, § 497.

However, "[n]o matter how competent evidence might be, a new trial will not be granted merely because evidence has been excluded. It must appear that the excluded testimony was material and the substance of what the material evidence is must be called to the attention of the trial court at the time of the exclusion. It is not sufficient in an appellate brief to call attention to error. The error, if any, must have been committed at trial and the ruling must have been made, not on a question only, but in light of the facts about which the witness would have testified. [Cits.]" *Cooper v. State*, 178 Ga. App. 709,

711 (2) (345 SE2d 606) (1986).

Assuming Hurston's failure to make a proffer of evidence does not preclude review of the matter, Hurston failed to demonstrate how he was harmed by the exclusion, especially in light of the fact that his brother later testified about the conversation in the car. See *Evans v. State*, 161 Ga. App. 504, 505 (5) (288 SE2d 629) (1982). Without harm, there is no reversible error. See *Bowen v. State*, 170 Ga. App. 49, 50 (1) (316 SE2d 33) (1984).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 12, 1990.

*James W. Studdard*, for appellant.

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney*, for appellee.

