*District Attorney*, for appellee.

## A92A2070. MOORE v. THE STATE.
## A92A2382. FLOWERS v. THE STATE.
### (428 SE2d 678)

ANDREWS, Judge.

Moore and Henry Flowers, along with two of Flowers' brothers,[1] were jointly tried on a five-count indictment charging as follows: Count 1 charged Jasento Flowers and appellant Moore, his girl friend, with a July 22, 1991 sale of cocaine to undercover officer Barkley; Count 2 charged Jasento and appellant Henry Flowers with a second sale to Barkley on July 25, 1991; Count 3 charged Jasento Flowers with a third sale to Barkley on August 20, 1991; and Count 4 charged Jasento Flowers, Moore, and Edward Flowers with possession with intent to distribute for a sale on October 7, 1991.[2] Moore appeals her convictions on Counts 1 and 4 (convicted of simple possession) and Henry Flowers appeals his conviction on Count 2. They will be considered together.

Viewed in favor of the verdict, the evidence was that in July an undercover operation was conducted in the Macon area to discover and prosecute crack cocaine sales. Investigator Nelson (working with the Macon-Bibb County drug squad) received information that crack was being sold from 1129 Cochran, the residence of Jasento Flowers and his girl friend and her baby. On July 22, 1991, Barkley went to that address where she saw Jasento on the porch. He asked her what she wanted and she replied "60" (meaning $60 worth in the drug trade). Jasento then escorted her into the residence where he went into the room on her right. At that point, Moore came out of the bedroom and asked her if she wanted it. When Barkley answered affirmatively, Moore took out a bundle of small packages wrapped in plastic and unwrapped it. Barkley asked if they were "tens or twenties," meaning were the rocks priced at $10 or $20 each. Moore said they were twenties and told her to take three, which she did. She did not see Jasento again after he went into the bedroom. A female in the kitchen called for "Alice" as she left. Although Barkley did not know Moore's identity at that time, her middle name is Alice.

On July 25, 1991, she returned to the residence. Jasento was

---

[1] The appeal of Jasento Flowers has been transferred to the Supreme Court as it involves constitutional challenges to sentencing provisions, Case No. A92A2383. Edward Flowers pled guilty and testified at the trial.

[2] A verdict was directed for Moore on Count 5, which charged possession of a firearm during the commission of a felony on October 7, 1991.

again on the porch, asked how much she wanted, and she replied "60." He told her to go in and she observed a male in the living room. She asked if the girl was there and Henry Flowers responded negatively but asked her what she wanted. She again stated "60" and Henry went into the bedroom and returned with three pieces. Barkley then asked Jasento if it was okay to give Henry the money. Jasento replied it was "ok, he was straight."

That same day, Barkley picked a photo of Henry from a spread prepared by Investigator Nelson and identified him as the second man in the apartment. Moore's photo was picked from a spread four months later. The delay was caused by the fact that she had not been previously arrested and the police had no photo of her until her arrest on this case.

On October 4, 1991, Officer Ortiz (working with the Macon police drug squad and unaware of the ongoing joint investigation) obtained a search warrant for the residence of Jasento and Moore. When the officers arrived to execute the warrant on October 7, 1991, they observed Edward Flowers in the yard. He saw them coming, went to a window of the apartment, and dropped a package through a hole in the screen. When Moore finally opened the door for the officers after some delay, Ortiz observed a two-inch by two-inch ziplock bag under the window. It contained crack. He informed Moore that he intended to search the entire residence, including the children present. There was a baby on a love seat near the wall. At that point, another female present in the room, later identified as Cheney,[3] stated that she was not going to jail for anybody and she had observed Moore put something in the baby's diaper. The officers then searched the diaper and discovered another ziplock bag containing 43 pieces of crack. Jasento arrived about ten minutes after the search began.

1. There being evidence sufficient to convince any rational trier of fact of the existence of the essential elements of the crime, the judgment is affirmed as to both Moore and Henry Flowers. *Jackson v. Virginia*, 443 U. S. 307, 310 (99 SC 2781, 61 LE2d 560) (1979); *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

### Case No. A92A2070

2. Moore's first enumeration alleges error in the denial of her hearsay objection to the statement of Cheney as repeated by Ortiz.

The objection was "I'm going to object to that as hearsay." The judge then correctly noted that the statement had been made in Moore's presence.

"[A]nything seen or heard by a witness in the presence of a de-

---

[3] Her whereabouts were unknown at the time of trial.

fendant is admissible and does not constitute inadmissible hearsay in this state. *Moore v. State*, 240 Ga. 210, 212 (2) (240 SE2d 68) (1977)." *Hurston v. State*, 194 Ga. App. 226 (390 SE2d 119) (1990). E.g., *Reeves v. State*, 194 Ga. App. 539, 540 (391 SE2d 35) (1990).

Therefore, admission of the statement was not error.[4]

3. Moore also enumerates as error the restriction of her cross-examination of Ortiz concerning a statement given by Moore.

Moore's statement contained the following: "Jasento was playing with the baby and Jasento must have put the cocaine in the diaper." She was asked how long she had known he was involved in selling drugs and she said "Jasento told me that when I first met him." She also indicated that he had no other employment and that he gave her cash for expenses.

Because of an obvious problem under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), counsel for the State and counsel for Jasento both requested redaction of Jasento's name from the statement. This was done by replacing "Jasento" with "blank" when it was read to the jury.

Moore's counsel asserted her right to cross-examine Ortiz and publish the name to assist Moore's case. After the matter was discussed, the court ruled that if, at the end of the State's case, "everybody (defendants) stands up and says none of our people are going to testify and you say I want to renew my motion to cross-examine Ortiz on this statement, I'll consider it. I'm not saying [how] I'll rule. I said I'll consider it. That's it." To which, counsel for Moore responded "okay."

At no point was this motion renewed and any objection has not been preserved for our review. *Skipper v. State*, 257 Ga. 802, 805 (7) (364 SE2d 835) (1988).

## Case No. A92A2382

4. Henry Flowers' first enumeration alleges that denial of his plea of former jeopardy based on OCGA §§ 16-1-7 and 16-1-8 was error.

The motion filed below alleges that he pled guilty on September 5, 1991 and that "[t]he substance of said charge was the same Sale of Cocaine of which Defendant stands charged in the instant case," i.e., July 25, 1991.

Other than that statement in the pleadings, however, there is nothing else in the record concerning this issue except the judge's statement of his conclusion "as a matter of fact that at the time

---

[4] We note that the judge, in an abundance of caution, did instruct the jury that it was not introduced for the truth of the matter asserted, but only to explain the officer's conduct in searching the diaper.

Henry Lewis Flowers, Jr. pled guilty on the previous case, which was Indictment . . . 35569, . . . , entered that plea of September 5, 1991, that at that time it is true that another charge or series of charges in the district attorney's office charging [him] with cocaine with intent to distribute, simple battery, obstruction of an officer and offenses that occurred on August 14, 1991 which were subsequently . . . nolle prossed, . . . on September 26, 1991, that that was a part of the plea bargain arrangement under 35569. *However, at the time those events that led to this indictment [37185] which occurred on July 25, 1991, that those events and circumstances were not known to the prosecuting officer, that is the district attorney's office. Second, the agents working the [two separate cases] were not the same officers . . .* and because of those findings of fact, the Court is going to deny the motion. . . ."

" 'Since this is a court for correction of errors of law, our decision must be made upon the record and not upon briefs of counsel. Where there is nothing in the record to support the contention of error, there is nothing presented to this court for review.' . . . [Cit.]" *Wiggley v. State*, 204 Ga. App. 583, 584 (2) (420 SE2d 82) (1992).

5. Flowers next complains of the admission of Exhibit 5, the photo spread of him, on the grounds that it was impermissibly suggestive because of the fact that two photos out of five were of Flowers and that this fact was withheld from him prior to trial.

As to the second contention, however, the March 2, 1992 order of the court states that the district attorney maintained an "open file" policy on criminal cases and nothing in the record supports Flowers' contention that the spread was withheld. *Wiggley*, supra.

As to the presence of two photos of Flowers in the spread, no objection to the introduction of that exhibit was made below. In fact, the testimony concerning the presence of the two was brought out by Flowers on his cross-examination of the officer who conducted the spread. This enumeration presents nothing for our review, no objection having been made below. *Ray v. State*, 259 Ga. 868, 870 (10) (389 SE2d 326) (1990).

6. The remaining two enumerations are addressed by our holding in Division 1, supra.

*Judgment affirmed in Case No. A92A2070. Birdsong, P. J., and Beasley, J., concur. Judgment affirmed in Case No. A92A2382. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 9, 1993.

*Christina L. Hunt*, for appellant (case no. A92A2070).
*Alan A. Gavel*, for appellant (case no. A92A2382).
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Assis-*

*tant District Attorney*, for appellee.