A92A2140, A92A2252. HARTLEY v. THE STATE (two cases).

(428 SE2d 683)

BIRDSONG, Presiding Judge.

Tom Hartley and Grace Marie Hartley appeal their convictions for two counts of burglary. Appellants were tried jointly. We have consolidated their appeals, as each asserts the same error: that the trial court committed reversible error in refusing to give an alibi charge.

The evidence showed that appellants were interrupted in their second burglary on July 31, 1991, and abandoned their van. On that night two collect calls were placed from a certain store in north Georgia to appellants' thrift shop in South Carolina. Appellants' son, Hank Hartley, testified that appellants left West Columbia, South Carolina in the van the week before the burglaries; on July 31, 1991, appellant Tom Hartley called his son and told him to bring blankets and sheets and come to get himself and Hank's mother at a certain store in north Georgia, as Mrs. Hartley had broken her leg and was lying on the side of a hill. Hank Hartley collected his father near the store in the woods in north Georgia and then got his mother at a house where she was resting. Hank Hartley testified that his father told him his mother's leg was broken when they ran from the second burglary scene. Mrs. Hartley claimed she broke her leg in Greenville, South Carolina, but no medical attention was sought until they reached West Columbia, South Carolina. She was in the hospital when interviewed in connection with these burglaries. Hank Hartley's sister corroborated his story as to receiving calls to get their parents in Georgia; telephone records showed two collect calls were made from that certain store in Georgia to appellants' store in South Carolina on July 31, 1991.

Neither of the appellants testified. The sole indication of any alibi arose when an investigator testified that at the hospital Mrs. Hartley told him she and her husband had been to an auction in South Carolina when the burglaries occurred in Rabun County, Georgia. *Held*:

According to appellants, the trial court was required to give a charge on alibi even in the absence of a request, if an affirmative defense of alibi is raised by the evidence, however slightly; appellants cite *Dinnan v. State*, 173 Ga. App. 191, 195-196 (325 SE2d 851); *Dixon v. State*, 157 Ga. App. 550 (278 SE2d 130); *Heard v. State*, 149 Ga. App. 92 (253 SE2d 454). We have held that a witness may testify as to what he saw and heard in the defendant's presence (*Reeves v. State*, 194 Ga. App. 539, 540 (391 SE2d 35)) even where the defendant does not testify and is not available for cross-examination. This exception to the hearsay rule had its roots in the concept that the defendant's right of cross-examination (*Hewitt v. State*, 127 Ga. App.

180, 182 (2) (193 SE2d 47)) or confrontation (*Jefferson v. State,* 136 Ga. App. 63, 66 (220 SE2d 71)) is not jeopardized by admission of evidence as to what was seen or heard in his own presence. When the defendant does not testify, such evidence is obviously admissible if it is an admission or confession, it is certainly admissible when the defendant testifies and is subject to cross-examination (see *Hall v. State,* 141 Ga. App. 289 (233 SE2d 262)); or when it is in the nature of res gestae. See *Reeves,* supra; *Sosebee v. State,* 190 Ga. App. 746, 750 (380 SE2d 464); *Chambers v. State,* 183 Ga. App. 874 (360 SE2d 438); *Green v. State,* 175 Ga. App. 849 (335 SE2d 4); *Latimore v. State,* 170 Ga. App. 848 (318 SE2d 722); *Henderson v. State,* 170 Ga. App. 482 (317 SE2d 343); see *Broome v. State,* 141 Ga. App. 538, 540 (233 SE2d 883).

However, that such evidence is not hearsay or is admissible as an exception to the hearsay rule does not prove such testimony is *original evidence.* The statutory definition of hearsay evidence is "that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1 (a). The evidence which appellants say raised an affirmative defense of alibi may not be hearsay under the authorities cited above, but it did not rely for its veracity on either co-defendant, but on another witness' statement as to what one of them said days after the burglaries.

The rule admitting what would otherwise be hearsay has limited application, even if the evidence is exculpatory to the complaining defendant. See *Moore v. State,* 240 Ga. 210, 212 (240 SE2d 68); *King v. State,* 202 Ga. App. 817, 819 (3) (415 SE2d 684). The investigator's testimony that Grace Hartley gave a purported alibi was not original evidence *as to the fact of alibi* (see OCGA § 24-3-2; see *Todd v. State,* 200 Ga. 582 (37 SE2d 779)); nor was she or her co-defendant available for cross-examination and confrontation as to an alleged alibi. See *Chambers,* supra at 875; Green, Ga. Law of Evidence, pp. 497, 502, §§ 221, 224. Insofar as it established the fact of alibi, the evidence did not derive any value from the witness, but derived its value solely on the veracity and competency of Grace Hartley, who never testified. Although we have held such evidence is not hearsay, it nevertheless does not qualify as even "slight" evidence of an affirmative defense asserted by appellants in the trial so as to require a charge on alibi.

The jury charge as to the State's burden to prove guilt beyond a reasonable doubt and the presumption of innocence was otherwise full and fair; in effect it authorized and directed the jury to acquit if they believed the statement allegedly made by appellant Grace Hartley was true. See *Lavender v. State,* 234 Ga. 608 (216 SE2d 855); see also *Tarvestad v. State,* 261 Ga. 605 (409 SE2d 513); *Johnson v. State,* 253 Ga. 37 (315 SE2d 871); *Booker v. State,* 247 Ga. 74 (274

SE2d 334). Appellants had the benefit of the evidence, but they were not entitled to a charge on alibi as a matter of law or to a reversal of the convictions because it was not given. In *Plemons v. State*, 194 Ga. App. 554, 556 (390 SE2d 916), we refused to reverse a conviction because the trial court charged on alibi, where the defendant did not testify and a witness' second-hand testimony "authorized" a charge on alibi. But this does not mean such second-hand evidence *demands* a charge on alibi where the defendant does not take the stand and the alibi rests solely on another person's statement as to what defendant told him, the same as if such evidence were hearsay; much less will we reverse the conviction founded on a full and fair charge.

*Judgments affirmed. Andrews, J., concurs. Beasley, J., concurs in judgment only.*

DECIDED MARCH 9, 1993.

*Kenneth D. Kondritzer*, for appellant (case no. A92A2140).
*W. Thomas Slowen*, for appellant (case no. A92A2252).
*Michael H. Crawford, District Attorney, George N. Guest, Assistant District Attorney*, for appellee.