A93A0361. FRANKLIN v. THE STATE.
(431 SE2d 733)

McMURRAY, Presiding Judge.

Defendant was charged, via indictment, with aggravated assault, possession of a firearm by a convicted felon and being a habitual felon. Defendant was found guilty of aggravated assault after the State adduced evidence during the first phase of a bifurcated jury trial that defendant threatened a pizza delivery man ("the victim") with a shotgun. The jury found defendant guilty of possession of a firearm by a convicted felon after the State introduced two indictments during the second phase of trial showing that defendant entered guilty pleas to the crimes, voluntary manslaughter and burglary. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his motion for continuance based on the absence of a defense witness.

" ' "Each of (the) requirements (set forth in OCGA § 17-8-25) must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon the absence of a witness." (Cit.)' *Ledford v. State*, 173 Ga. App. 474, 476 (326 SE2d 834) (1985)." *Curry v. State*, 177 Ga. App. 609 (1) (340 SE2d 250). In the case sub judice, defense counsel moved for a continuance based on the absence of a defense witness who had been summoned to court via an order for production of an inmate from the state prison system. However, there is no showing that the testimony of the absent witness was material as required by OCGA § 17-8-25. In fact, there was no proof at trial that the absent witness was present during the incident which forms the basis of the crimes charged. These circumstances provide no basis for overruling the trial court's discretion in denying defendant's motion for continuance. See *State v. Jessup*, 187 Ga. App. 429, 430 (370 SE2d 489). Compare *Jackson v. State*, 184 Ga. App. 133, 135 (2) (360 SE2d 907).

2. In his second enumeration, defendant contends the trial court erred in allowing the victim to testify as to an out-of-court statement of an eyewitness to the alleged crimes. Defendant argues that this testimony is inadmissible hearsay.

At trial, defense counsel injected a hearsay objection after the following testimony: "[STATE'S ATTORNEY:] Let me return to the scene [of the crime] for a moment, Mr. Agard, [were] you, while this was going on, aware of anybody else being there? [THE VICTIM:] Yes, sir. There was a woman come running out of the trailer and she

kept yelling to [defendant], 'Red, don't do it, don't do it. Its not worth it, . . . let it go.' "

"A witness may testify as to what he saw and heard in the defendant's presence. See *Broome v. State*, 141 Ga. App. 538 (2) (233 SE2d 883) (1977)." *Moore v. State*, 240 Ga. 210, 212 (2) (240 SE2d 68). In the case sub judice, it is undisputed that defendant was present at the crime scene when the out-of-court statement was uttered. Further, defendant affirmed on cross-examination that his sister admonished him during the confrontation with the victim by stating, i.e., " 'Don't do it, Red.' " Defendant explained that his sister was "simply telling me just to go on, there's no sense in fighting." Under these circumstances, the trial court did not err in allowing the victim to testify that "a woman come running out of the trailer and she kept yelling to [defendant], 'Red, don't do it, don't do it. It's not worth it, ·. . . let it go.' " See *Brown v. State*, 193 Ga. App. 772, 773 (2) (389 SE2d 268).

3. Defendant further contends the trial court erred in allowing the State's attorney to comment during closing argument that defendant failed to call his sister as a defense witness. This contention is without merit.

"[T]he prosecutor can argue to the jury the inferences to be drawn from the defendant's failure to produce witnesses, who are competent to testify and who allegedly would give evidence favorable to the defendant. *Contreras v. State*, 242 Ga. 369 (3) (249 SE2d 56) (1978) and cits. Cf. *James v. State*, 223 Ga. 677 (5) (157 SE2d 471) (1967)." *Shirley v. State*, 245 Ga. 616, 617 (1), 618 (266 SE2d 218). In the case sub judice, defendant admitted on cross-examination that his sister was present during commission of the alleged crimes. However, defendant did not call his sister to corroborate his testimony that he did not threaten the victim with a shotgun. Under these circumstances, the trial court did not err in allowing the State's attorney to comment, during closing argument, that defendant failed to call a known eyewitness to the incident which led to defendant's convictions.

4. In his final enumeration, defendant challenges the sufficiency of the evidence, arguing that the victim's testimony was unbelievable because "there was no weapon found to substantiate the alleged victim's claim." This argument is without merit. " '(N)othing is more firmly settled in the law than the principle that, in a jury trial, the jurors are the sole judges of the credibility of witnesses. (OCGA § 24-9-80).' *Walker v. State*, 250 Ga. 230, 231 (297 SE2d 33)." *Godfrey v. State*, 187 Ga. App. 319, 321 (370 SE2d 183).

In the case sub judice, the victim testified that defendant threatened him with a shotgun after he delivered a pizza to a home in a trailer park. This evidence, defendant's admission that he argued

with the victim and evidence showing that defendant was twice convicted for felonies before the incident which forms the basis of the case sub judice is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of aggravated assault and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MAY 26, 1993.

*Michael A. Corbin*, for appellant.

*Jack O. Partain III, District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.