## A98A1803. SORROW v. THE STATE.
(505 SE2d 842)

BLACKBURN, Judge.

After a jury trial, Phillip A. Sorrow appeals his conviction of battery. Sorrow contends that the trial court erred in admitting the victim's incriminating hearsay statement into evidence. Sorrow claims that, because the victim did not testify, the admission of her statement violated his right to confront the witnesses against him and violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. The trial court correctly determined that the victim's statement was admissible pursuant to the necessity exception to the hearsay rule, and we affirm Sorrow's conviction.

1. "In *Higgs v. State*, 256 Ga. 606 (351 SE2d 448) (1987), the Georgia Supreme Court, citing *Ohio v. Roberts*, 448 U. S. 56, 65 (100 SC 2531, 65 LE2d 597) (1980), held that the United States Supreme Court had not interpreted 'confrontation' to signify the exclusion of every hearsay exception, and had provided a method to resolve confrontation challenges based on the admission of hearsay testimony: First, the Sixth Amendment establishes a rule of necessity. In the usual case the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. The second aspect operates once a witness is shown to be unavailable. Only hearsay marked with such trustworthiness that there is no material departure from the reason of the general rule may be admitted." (Citations and punctuation omitted.) *Adams v. State*, 191 Ga. App. 16, 17 (2) (381 SE2d 69) (1989).

OCGA § 24-3-1 (b) provides that "[h]earsay evidence is admitted only in specified cases from necessity." There are several specific exceptions from the rule against the admission of hearsay. See OCGA § 24-3-1 et seq. The Supreme Court of Georgia has found that the evidence code does not contain an exhaustive list of exceptions to the hearsay rule. See *Higgs*, supra at 607 (3). It has determined that "[t]he two underlying reasons for any exception to the hearsay rule are a necessity for the exception and a circumstantial guaranty of the trustworthiness of the offered evidence — that is, there must be something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered." (Punctuation and emphasis omitted.) Id. Based upon OCGA § 24-3-1 (b), therefore, the Supreme Court of Georgia has held that "[a]n exception will be allowed 'from necessity' where 'necessity' and 'particularized guarantees of trustworthiness' are established. *Mallory v. State*, 261 Ga. 625 (2) (409 SE2d 839) (1991)." *McKissick v. State*, 263 Ga. 188, 189 (3) (429 SE2d 655) (1993).

In the present case, the State's only witness to the battery was the victim, Sorrow's wife. At trial, she invoked the marital privilege, see OCGA § 24-9-23, and refused to testify. The State then sought to introduce the victim's verbal and written statements that were made to the arresting officer shortly after the incident. The trial court determined that the victim's statements were necessary and reliable and admitted them pursuant to OCGA § 24-3-1 (b).

(a) The victim's statement was necessary, and she was unavailable to testify because of her refusal to testify against her husband. See *Higgs*, supra at 608 (4) (witness was unavailable due to her refusal to testify against her husband and her testimony was necessary as the only eyewitness to the crime). See also *Wallace v. State*, 216 Ga. App. 718, 719 (2) (455 SE2d 615) (1995) (same).

(b) In determining whether the hearsay statements are trustworthy, the courts consider, among other things: "(1) [whether] the witness's statement was given shortly after the event; (2) [whether] the witness's statement was given during the course of an official investigation; and (3) [whether] there was [any] testimony that the witness retracted the statement or controverted the statement." *Jackson v. State*, 202 Ga. App. 582, 586 (2) (414 SE2d 905) (1992). Courts have also considered whether the declarant consulted an attorney before making the statements, whether the declarant previously testified regarding the reason for her refusal to testify, and the extent to which the declarant's statement is supported by other evidence. See *Higgs*, supra at 608 (5). See also *Adams*, supra at 18.

In the present case, the trial court determined that the victim's statements were trustworthy because: they were given shortly after the incident occurred; they were made as part of an official investigation by a police officer; they were not based upon a faulty recollection; the declarant had no apparent reason to lie; and the declarant had not disavowed her statements. Our review of the record indicates that the trial court's findings are based on the evidence and are not clearly erroneous; therefore, we affirm the trial court's admission of the victim's hearsay statements pursuant to OCGA § 24-3-1 (b).

2. We need not address Sorrow's second enumeration of error as he failed to support it with any argument or citation of authority except to refer to his arguments in connection with his first enumeration. See Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 31, 1998 —
RECONSIDERATION DENIED SEPTEMBER 15, 1998 — 

*Banks, Stubbs & Neville, Rafe Banks III*, for appellant.
*Leslie C. Abernathy, Solicitor*, for appellee.