A98A1307. NUNNERY v. THE STATE.
(506 SE2d 888)

McMURRAY, Presiding Judge.

Defendant was tried at a bench trial and convicted of simple battery by making physical contact of an insulting and provoking nature with his spouse ("the victim"). At trial, the arresting officer testified that he responded to a domestic disturbance call at the home of the

---

victim and the defendant; that he found the victim and the house in disarray when he arrived at the scene, and that he observed a bruise on the victim's face. The officer also testified that the victim told him that defendant struck her during an argument. Defendant, appearing pro se, testified that he and the victim "pushed each other" during the argument, but that he did not hit her during the fight. This appeal followed entry of judgment of conviction and sentence against defendant. *Held*:

1. Assuming, without deciding, the victim was compelled to testify against defendant in violation of OCGA § 24-9-23 (a), we find no basis for reversal since the trial judge indicated that the victim's testimony was unnecessary for him to reach a verdict. Moreover, there is overwhelming evidence that defendant committed the crime charged. The arresting officer not only testified that he observed a bruise on the victim's face when he arrived at the crime scene, defendant admitted at trial that he engaged in a shoving match with the victim. This proof, and the arresting officer's testimony — probative under *Drane v. State*, 265 Ga. 663, 664 (1) (461 SE2d 224) — that the victim informed him at the crime scene that defendant struck her, overwhelmingly supports the trial court's finding that defendant is guilty, beyond a reasonable doubt, of simple battery as charged in the accusation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Under such circumstances, we find it highly probable that the victim's testimony did not contribute to the trial judge's guilty verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869). " 'It was harmless and will not require a new trial. (Cit.)' *Duvall v. State*, [259 Ga. 801, 802 (4), 803 (387 SE2d 880)]. See also *Shaaghir v. State*, 264 Ga. 492, 493 (3) (448 SE2d 196) (1994)." *McIntyre v. State*, 266 Ga. 7, 10 (4), 11 (463 SE2d 476).

Defendant's first and third enumerations of error are without merit.

2. Defendant contends "[t]he trial court abused its discretion by not allowing a competent witness to present evidence for [him] at trial." This enumeration presents nothing for review "as defendant failed to proffer the testimony which was allegedly improperly excluded by the trial court. *Harris v. State*, 263 Ga. 526, 527 (1) (435 SE2d 669)." *Wright v. State*, 216 Ga. App. 486 (2) (455 SE2d 88).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 15, 1998.

*Billy M. Grantham*, for appellant.
*Kirbo & Kendrick, Ben Kirbo*, for appellee.