## A99A0895. LEDFORD v. THE STATE.
### (516 SE2d 565)

Judge Harold R. Banke.

Suzie Ledford appeals her convictions of driving without proof of insurance and driving under the influence of alcohol to the extent that it was less safe for her to drive. She claims evidentiary insufficiency, illegal traffic stop, and erroneous admission of testimony.

The arresting officer, Fouts, testified that at approximately 2:00 a.m., he was proceeding northward on a road comprised of four lanes of travel and one center turn lane when he encountered a Lincoln automobile followed by a Mercedes and then a truck traveling in a southerly direction. The Lincoln had completely stopped in the inside lane. The Mercedes was being operated by Ledford at a speed of ten

to fifteen mph below the posted speed limit in the outside lane. The truck was also in the outside lane.

As Officer Fouts passed the vehicles, the Mercedes came to a complete stop so as to allow the Lincoln to turn right in front of it into a parking lot. The truck then stopped. After the Mercedes turned into the parking lot, the truck drove away. Deciding to investigate, Fouts made a u-turn, drove his patrol vehicle behind the Mercedes, and asked Ledford to move her car forward so he could move his patrol car out of the roadway.

After approaching the Mercedes and speaking to Ledford, Fouts detected a strong odor of alcoholic beverage emanating from her. He asked to see her license and proof of insurance and had her exit the car so that he could administer an alco-sensor test. Fouts then observed that Ledford was moving very slowly, she was having trouble responding to simple questions, her face was pale and flush, and her eyes were bloodshot. When asked about her drinking, she said she had consumed two glasses of rum. Because the results of the alco-sensor were positive, Fouts proceeded to administer a series of other field sobriety evaluations. Fouts arrested Ledford for DUI in that, according to National Highway Traffic Safety Administration (NHTSA) standards, her performance of each test indicated that she was an impaired driver. Ledford refused consent to a blood test.

After Fouts gave testimony establishing the preceding facts, the prosecuting attorney asked him whether he would have arrested Ledford for DUI if she had refused to perform the field sobriety tests. When the objection to that question was sustained, Fouts was asked how he evaluated Ledford's driving based on his NHTSA training. Over objection, he was allowed to testify that his evaluation was based on studies conducted by the NHTSA showing a sixty percent probability that a driver operating a vehicle more than ten mph below the posted speed limit and stopping inappropriately in the roadway is impaired. *Held*:

1. Ledford challenges the sufficiency of the evidence to support her conviction of driving under the influence to the extent that it was less safe for her to drive.

Evidence of both Ledford's condition and conduct authorized any rational trier of fact to find beyond a reasonable doubt that she was driving under the influence of alcohol to the extent that it was less safe for her to drive. See *Mealor v. State*, 233 Ga. App. 193, 194 (4) (504 SE2d 29) (1998); compare *Webb v. State*, 223 Ga. App. 9 (476 SE2d 781) (1996), and cits. The evidence supports Ledford's DUI conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ledford contends that the court erred in denying her motion to suppress based upon the illegality of the traffic stop.

The evidence supports the court's determination that rather than having initiated a traffic stop or other Fourth Amendment seizure, Fouts merely approached Ledford's stopped vehicle to inquire as to her driving. See *McClain v. State*, 226 Ga. App. 714, 716 (1) (487 SE2d 471) (1997) and cits. The court was authorized to find that a reasonable person in Ledford's position would not have believed she was under detention when the officer began to question her. The evidence additionally authorized the court to find that Fouts initiated the investigation based on probable cause to believe that Ledford had impeded the flow of traffic, even though the jury acquitted her on a charge that she had committed that offense. Therefore, a decision by him to stop Ledford's vehicle would have been reasonable. *State v. Bowen*, 231 Ga. App. 95-96 (498 SE2d 570) (1998). Denial of the motion to suppress was not clearly erroneous. *Leming v. State*, 235 Ga. App. 710, 711 (1) (510 SE2d 364) (1998).

3. Finally, Ledford charges the trial court with error in admitting testimony from Fouts concerning the NHTSA studies.

Ledford objected essentially on grounds of hearsay and because the jury was not authorized to use statistical probabilities as a basis for inferring that she was an impaired driver on this occasion. The court overruled the objection.

On appeal, the State argues that Fouts' testimony was admissible, not to show that Ledford was in fact impaired or intoxicated, but rather to demonstrate the reasonableness of Fouts' decision to investigate her driving. Alternatively, the State argues that admission of the testimony was harmless. We agree with the latter argument but not the former.

While issues as to the reasonableness of the officer's actions were relevant to Ledford's motion to suppress, that motion had been denied by the time this testimony was admitted. Although hearsay information possessed by an officer is admissible to explain his conduct in arresting the defendant, see *Posey v. State*, 215 Ga. App. 565 (1) (451 SE2d 463) (1994), the State does not argue and we do not find that the testimony was admitted for this purpose.

Nonetheless, in view of the totality of the officer's testimony concerning Ledford's behavior and appearance at the time of her arrest, it is highly probable that admission of the complained-of evidence did not contribute to the verdict. Therefore, its introduction did not rise beyond the level of harmless error. See generally *Nunnery v. State*, 234 Ga. App. 371, 372 (1) (506 SE2d 888) (1998).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 21, 1999 —

*Roland R. Castellanos*, for appellant.

*Barry E. Morgan, Solicitor, Marsha S. Lake, Katherine L. Kissam, Assistant Solicitors,* for appellee.