A99A0842, A99A0843. HARRISON v. THE STATE (two cases).

(518 SE2d 755)

ELDRIDGE, Judge.

On October 2, 1998, defendant Kimberly Harrison and her husband, defendant Jerry Lee Harrison, were tried and convicted of simple battery[1] in a joint, non-jury trial. They both challenge their convictions, raising identical enumerations of error. We reverse both convictions.

The facts, viewed in a light most favorable to the verdict,[2] are as follows: Bainbridge City Police Officer Patrick Henry Thomas testified that he was called to the defendants' home on July 18, 1998. Ms. Harrison and her father, as well as Mr. Harrison and his mother, were present; the defendants' children also were present. The officer testified that both defendants had been drinking alcohol. According to the officer, Mr. Harrison had a cut and some abrasions on his face; Ms. Harrison had a "busted" lip. Both defendants, in each other's presence, told the officer that they had been involved in a domestic dispute which had escalated into a situation where each individual struck the other at least one time. However, both defendants told the officer that the other spouse had started the fight by striking the first blow. The officer arrested both defendants and charged them with simple battery.

The trial court decided to try both of the defendants at the same time, since the charges arose from the same conduct; neither party objected to the joint trial. However, both defendants invoked their marital privilege to avoid testifying against the other. See OCGA § 24-9-23 (a).

After hearing the officer's testimony, the trial court found both defendants guilty of simple battery. Both defendants appeal and raise four identical enumerations of error. *Held*:

### Case No. A99A0842

1. In her first enumeration, Ms. Harrison contends that the trial court erred in admitting, over objection, hearsay testimony of Officer Patrick Thomas, i.e., Mr. Harrison's statements that Ms. Harrison was the initial aggressor. We agree and reverse her conviction.

(a) Under OCGA § 24-3-1 (b), testimony which otherwise is inadmissible hearsay may be admitted out of necessity. "To qualify as an exception to the hearsay rule, there must be a necessity for the

---

[1] Under OCGA § 16-5-23 (a), "[a] person commits the offense of simple battery when he either (1) [i]ntentionally makes physical contact of an insulting or provoking nature with the person of another or (2) [i]ntentionally causes physical harm to another." (Punctuation omitted.)

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

exception and a guaranty of the testimony's trustworthiness." (Footnotes omitted.) *Drane v. State*, 265 Ga. 663, 664 (1) (461 SE2d 224) (1995). "One way to satisfy the first prong is by showing that the declarant is [unavailable], and there is no [other] live witness at all[.] [Cits.]" *Lane v. Tift County Hosp. Auth.*, 228 Ga. App. 554, 561 (492 SE2d 317) (1997). See also *Higgs v. State*, 256 Ga. 606 (351 SE2d 448) (1987) (declarant was the only eyewitness to the homicide); *Chrysler Motors Corp. v. Davis*, 226 Ga. 221, 225 (173 SE2d 691) (1970); *Sorrows v. State*, 234 Ga. App. 357, 358 (505 SE2d 842) (1998); *C & S Bank of Albany v. Swain*, 185 Ga. App. 881, 884 (366 SE2d 191) (Beasley, J., dissenting) (dead declarant was the only witness), reversed on other grounds, *Swain v. C & S Bank of Albany*, 258 Ga. 547, 550 (372 SE2d 423) (1988). Generally, a spouse who refuses to testify against a defendant by invoking the marital privilege is "unavailable" for the purpose of finding necessity under OCGA § 24-3-1 (b). *Drane v. State*, supra at 664 (1); *Higgs v. State*, supra at 608 (4); *Lane v. Tift County Hosp. Auth.*, supra at 561; *Patterson v. State*, 202 Ga. App. 440, 443 (4) (414 SE2d 895) (1992); *Glisson v. State*, 188 Ga. App. 152, 154 (2) (372 SE2d 462) (1988).

However, in this case, two additional adult eyewitnesses were present at the defendants' home on the night of the incident. Although a trial court may still admit hearsay testimony under the necessity exception when additional eyewitnesses are available to testify, *Lane v. Tift County Hosp. Auth.*, supra at 561, we find that the State has failed to demonstrate the need for the challenged testimony. The investigating officer apparently did not interview these two additional witnesses. The State has offered no explanation as to why they were not interviewed or called as witnesses in this trial to testify as to their observations regarding this incident. Accordingly, we find that the State has failed to demonstrate the requisite necessity to justify admission of the hearsay testimony.

(b) Further, even if the State had been able to demonstrate a need for the testimony, the State also had the burden of showing that the hearsay testimony has "a circumstantial guaranty of the trustworthiness of the offered evidence — that is, there must be something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered." (Citations, punctuation, and emphasis omitted.) *Higgs v. State*, supra at 607-608 (3), citing *Chrysler Motors Corp. v. Davis*, supra at 224 (1). See also *Drane v. State*, supra at 664 (1); *Patterson v. State*, supra at 443 (4); *C & S Bank of Albany v. Swain*, supra at 882. In evaluating the reliability of hearsay statements, the trial court should look at the totality of the circumstances surrounding the statements, including whether the statement was "made in circumstances in which it is unlikely to have been untrue[.]" *C & S*

*Bank of Albany v. Swain,* supra at 884 (Beasley, J., dissenting). See also *Roper v. State,* 263 Ga. 201 (429 SE2d 668) (1993); *Swain v. C & S Bank of Albany,* supra at 550. The court also may consider whether the declarant subsequently confirmed or repeated the statements to others; whether any evidence was presented to corroborate the statements; and whether the statement was made as part of the res gestae of the incident or occurred at a separate time and place. See *Drane v. State,* supra at 664 (1); *Mallory v. State,* 261 Ga. 625, 627-628 (2) (409 SE2d 839) (1991); *Nunnery v. State,* 234 Ga. App. 371, 372 (1) (506 SE2d 888) (1998); *Sorrows v. State,* supra at 358.

In this case, the police officer testified that, upon his arrival at the defendants' home, both defendants were intoxicated and angry. When questioned by police, each defendant charged the other with initiating a fight, thereby asserting self-defense to justify their subsequent participation in the fight. Because both defendants faced criminal charges, both defendants had the incentive to construct a statement that established a defense for their own actions while further hurting their spouse, i.e., exposing them to arrest and prosecution for battery.[3] As such, these statements were inherently unreliable. Therefore, under the circumstances in this case, the hearsay testimony did not have sufficient indicia of reliability to support its admission under the necessity exception.

Further, the State has failed to demonstrate that the statements were admissible as part of the res gestae. See OCGA § 24-3-3; see also *Wilbourne v. State,* 214 Ga. App. 371 (448 SE2d 37) (1994).

(c) Finally, the State claims on appeal that the statements should be admitted based upon the long-standing rule in Georgia law, i.e., that "anything seen or heard by a witness in the presence of a defendant is admissible and does not constitute inadmissible hearsay in this state[,]" even if the declarant is unavailable for cross-examination. (Citation omitted.) *Hurston v. State,* 194 Ga. App. 226 (390 SE2d 119) (1990). See also *Moore v. State,* 207 Ga. App. 673 (428 SE2d 678) (1993); *Broome v. State,* 141 Ga. App. 538 (2) (233 SE2d 883) (1977). "When the defendant does not testify, such evidence is obviously admissible if it is an admission or confession, it is certainly admissible when the defendant testifies and is subject to cross-examination[,] or when it is in the nature of res gestae." (Citations omitted.) *Hartley v. State,* 207 Ga. App. 683, 684 (428 SE2d 683) (1993). However, after recognizing the substantial potential for constitutional violations created by this rule in criminal trials, the Supreme Court of Georgia has severely limited its application. See *Jarrett v.*

---

[3] Such situation differs from the more common domestic violence scenario involving one active aggressor and one passive victim.

*State*, 265 Ga. 28, 29 (453 SE2d 461) (1995) (holding that a witness in a criminal trial "may not testify as to a declarant's statements [under the admission against interest exception to the hearsay statute] based on the acquiescence or silence of the accused"); *Faircloth v. State*, 253 Ga. 67, 69 (3) (316 SE2d 457) (1984) (indicating that, because the reliability of a hearsay statement depends on the veracity of the declarant, the inability to cross-examine an unavailable declarant at trial renders the statement inadmissible); see also *Luallen v. State*, 266 Ga. 174 (465 SE2d 672) (1996); *Mallory v. State*, supra at 630. Although the State failed to assert this "presence of the defendant" rule as a basis for admission of the hearsay at trial, this Court still could find that the challenged testimony was admissible under this rule. *Stovall v. State*, 216 Ga. App. 138 (453 SE2d 110) (1995) ("A trial court's ruling will be affirmed if it is right for any reason. [Cit.]").

However, none of the cases cited by the State in support of this proposition involved a situation comparable to the one before this Court.[4] This case involves the joint trial of two defendants who also were victims. Each defendant objected to the introduction of their spouse's hearsay statement to police. Each defendant (1) had a defense that directly conflicted with and, in fact, was antagonistic to the other; (2) possessed the constitutional right to avoid self-incrimination and could not be compelled to give testimony; *and* (3) had the statutory right to invoke the marital privilege to avoid testifying against their spouse.[5]

Therefore, in this case, if the hearsay statements of their spouse are introduced against each of the defendants in the absence of the spouse/declarant, and the defendants are forced to testify in order to dispute the hearsay statements, the defendants are faced with a difficult — and inherently unfair — choice: (1) invoke their constitutional rights and statutory privilege and waive the opportunity to dispute the hearsay, (2) waive their rights and privilege and confirm their statements to police, but risk self-incrimination on cross-examination, or (3) testify that their spouse did not batter them and *automatically* incriminate themselves as the original aggressors.

Accordingly, because this complex situation raises very serious

---

[4] See *Moore v. State*, 240 Ga. 210 (240 SE2d 68) (1977); *Hurston v. State*, supra; see also *Franklin v. State*, 208 Ga. App. 740, 741 (431 SE2d 733) (1993); *Hartley v. State*, supra; but cf. *Reeves v. State*, 194 Ga. App. 539, 540 (391 SE2d 35) (1990) (in which defendant's failure to object waived several bases for excluding the hearsay testimony).

[5] As such, this case is distinguishable from one in which a victim who is not charged with a crime may decide to avoid testifying against his or her spouse by invoking the marital privilege. Sound public policy supports the statutory provision which precludes the State from forcing a person to provide testimony which incriminates their spouse.

constitutional questions that have not been resolved elsewhere,[6] and because the State has failed to demonstrate how admission of this evidence could survive such constitutional challenges, we decline to find these statements admissible on the sole basis that the defendants were present when they were made to the investigating officer.

(d) Accordingly, the trial court erred in admitting the hearsay evidence over the defendants' objections. Since the remaining evidence was insufficient to support Ms. Harrison's conviction, it is reversed. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ms. Harrison's remaining enumerations are rendered moot by our decision in Division 1, supra.

### Case No. A99A0843

Mr. Harrison raised the same issues on appeal as those asserted by his spouse. For the same reasons, his conviction for simple battery must be reversed.

*Judgments reversed. Pope, P. J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I agree that the judgments must be reversed in these appeals. I do not, however, believe that we need to decide whether Officer Thomas's testimony was inadmissible hearsay, because even were it admissible it would be insufficient to support the conviction of either defendant under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Thomas's testimony simply presents completely contradictory statements as to who was the aggressor. It affords no basis for either choosing between the two versions or for forming an independent opinion, which is what the trial court apparently did. Since the general grounds are enumerated as error by both defendants and no evidence was presented that would authorize the fact finder to convict either defendant, I would reverse on that basis.

---

[6] Ms. Harrison also asserted that the testimony was inadmissible under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) (*"Bruton"*). *Bruton* precluded the use, during a joint trial, of a co-conspirator's extrajudicial confession which also incriminated his co-defendant, finding that it violated the non-confessing co-defendant's Sixth Amendment right of confrontation. See also OCGA § 24-3-52; *Livingston v. State*, 268 Ga. 205 (486 SE2d 845) (1997). In contrast, this case involves two defendants who were acting independently *against* each other and, therefore, were not co-conspirators or even co-defendants in the traditional sense, because they were not involved in a conspiracy or any joint activity. However, because this Court has already established that this testimony was inadmissible hearsay, we will not address whether the evidence was also inadmissible as a *Bruton* violation.

DECIDED MAY 28, 1999 —
RECONSIDERATION DENIED JUNE 9, 1999 — CERT. APPLIED FOR.

*Ronnie J. Lane,* for appellant (case no. A99A0842).
*Gilbert J. Murrah,* for appellant (case no. A99A0843).
*Ben Kirbo, Solicitor,* for appellee.