A90A0254. PLEMONS v. THE STATE.
(390 SE2d 916)

SOGNIER, Judge.

William M. Plemons was convicted of voluntary manslaughter, attempted arson in the first degree, burglary, and possession of a firearm during the commission of a crime. He filed this appeal in the Supreme Court which, finding that it did not have jurisdiction, transferred the appeal to this Court.

1. Appellant first enumerates the general grounds. At trial, Alicia Mize testified that the victim, Lester "Reb" Bobo, had driven to her home on the morning of November 26, 1988 to inquire if she could watch his children while he cut firewood in his backyard. She agreed and followed him to his home in her car. In the few minutes it took to drive to Bobo's house the two vehicles became separated in traffic, and when Mize arrived at Bobo's residence, his truck was already parked, with the driver's door open. Mize noticed a light blue pickup truck with a damaged right side backed into the driveway, and as she opened her car door she observed a man with a beard and dark hair coming out of the breezeway of the house. She recognized the man (later identified as appellant) as a frequent patron of a cafeteria at which she had worked for a year but did not know his name. Appellant walked to the light blue truck and drove away, and Mize entered the house calling for Bobo. She noticed broken glass on the floor and saw something "flickering" in a bedroom. Entering the bedroom, she found some clothing burning on the bed and extinguished the blaze. She called for Bobo several times and, when no one answered, discovered Bobo lying in the bathtub, gasping for breath, with multiple gunshot wounds. Mize called the victim's cousin and the police. Both arrived at the house within minutes, but Bobo had died.

Ronnie Baker, the victim's cousin, testified that the victim and his common law wife, Regina Bobo, had recently separated, and that since that time Regina had been seeing Larry Cook, who shared a

house with appellant. Cook testified that he and the victim had argued about Regina approximately two weeks prior to the shooting. He testified further that early on the morning of the shooting, Bobo had come to Cook's house brandishing a gun while Cook, Regina, appellant, and several others were playing poker and drinking, and that when Bobo left, appellant stated that "we ought to kick his ass." After that incident, Cook went to sleep and was awakened about noon by appellant. The two men walked out on the porch, whereupon appellant told Cook that he did not have to worry about Bobo any longer because "I just wasted" the victim. Cook testified that appellant stated he "went in and set the house on fire, and [Bobo] came in on me." After being ruled a competent witness by the trial court, Larry Cook's nine year old son, Graham, testified that he heard the conversation on the porch and confirmed its content as testified to by his father.

Georgia State Patrol Officer Karen Pace testified that on the date in question she received a lookout for a light blue pickup truck with a damaged right side. She soon located such a truck in the parking lot of a bar. Floyd County Police Captain Stanley Sutton testified that he was off duty and driving by the bar when he noticed other police cars there and stopped to offer his assistance. Other officers present informed him of the circumstances, and he read appellant his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), after which appellant told the officers he had been at the bar all day and had not driven anywhere. Sutton and several other officers then felt the hood of appellant's truck and, finding it warm, one of the officers asked appellant why the motor was so hot, whereupon appellant requested an attorney and the questioning stopped. Appellant later was returned to the scene of the crimes, where he was positively identified by Mize as the man she saw leaving the house. Appellant did not testify at trial.

"On the appeal of a criminal conviction, the evidence is viewed as the jury viewed it, that is, in favor of the verdict of conviction . . . . [Cit.]" *Jones v. State*, 188 Ga. App. 398, 399 (373 SE2d 86) (1988). We find the evidence in this case sufficient to have permitted the jury, as rational triers of fact, to find appellant guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates error in two charges given by the trial court.

(a) Appellant contends the trial court erred by charging the jury on attempted arson in the first degree because OCGA § 16-7-60 (a) requires knowing damage to real property by means of fire or explosives, whereas here only personal property was set afire. Because any crime of arson had been completed when the perpetrator set the

clothing on fire and left the house, and because no damage resulted to the house, appellant argues that at best the crime must be classified as arson in the third degree.

OCGA § 16-4-1 provides that "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." In this case, the jury would have been authorized from the evidence to conclude that appellant intended to set fire to the house and that he set fire to the clothing as a "substantial step toward the commission of that crime." Id. Accordingly, a charge on attempted first degree arson was authorized. *Lambert v. State*, 157 Ga. App. 275 (277 SE2d 66) (1981), cited by appellant, is not applicable here.

(b) We find no error in the trial court's charging the jury on alibi. Appellant asserts that because he did not take the stand in his own defense, there could be no defense of alibi, and thus the charge was improper. We do not agree. The "alibi" in question arose from Captain Sutton's testimony that appellant made the statement that he had been at the bar all day. Thus the issue of alibi was raised by the evidence, albeit not by appellant's testimony, and consequently a charge on this issue was authorized. See *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981); *Johnson v. State*, 185 Ga. App. 505, 506 (1) (364 SE2d 893) (1988).

3. Appellant's final enumeration of error, in which he contends that his conviction for both voluntary manslaughter and possession of a weapon during the commission of a felony violates the double jeopardy clauses of the United States and Georgia Constitutions, has been decided adversely to him in *Wilson v. Zant*, 249 Ga. 373 (2) (290 SE2d 442) (1982), which overruled the cases cited by appellant.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 19, 1990.

*W. Terry Haygood, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney*, for appellee.