S93A1859. WRIGHT v. THE STATE.
S93A1860. BOBB v. THE STATE.
S93A1861. BAILEY v. THE STATE.
(440 SE2d 7)

HUNSTEIN, Justice.

Vernice Wright, Courtney Bobb and Alton Bailey were convicted of the felony murder of four-year-old Jeremy Brown, killed in a drive-by shooting. Bailey was also convicted of possession of a firearm by a convicted felon. All three were sentenced to life in prison and Bailey was sentenced to a concurrent five-year term on the firearm conviction. Appellants appeal from the denial of their respective motions for new trials and we affirm.[1]

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found each appellant guilty of the crimes for which they were convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to appellants' contentions, proof of the crime of aggravated assault by mutual combat will support a conviction for felony murder where the mutual combat results in the death of a third party. See *Willis v. State*, 258 Ga. 477 (371 SE2d 376) (1988).

2. The trial court did not err by denying appellants' motions to change venue. Appellants failed to establish that the atmosphere was

---

[1] The crimes were committed on April 18, 1992. Appellants were indicted by the Spalding County Grand Jury on October 5, 1992 on one count each of felony murder; Bailey was also indicted for possession of a firearm by a convicted felon. They were convicted of all charges after a jury trial conducted on October 19-23 and October 26-27, 1992. Bobb's and Bailey's motions for new trial were denied July 16, 1993; Wright's motion for a new trial was denied July 27, 1993. Notices of appeal were filed by Bobb and Bailey on August 13, 1993 and by Wright on August 6, 1993. These appeals were docketed on August 26, 1993 and orally argued on November 15, 1993.

so inherently prejudicial as a result of pretrial publicity as to preclude a fair trial and they do not argue that individual jurors were prejudiced. *Lemley v. State,* 258 Ga. 554 (4) (372 SE2d 421) (1988). We find no abuse of the trial court's discretion and no merit to this enumeration.

3. The admission of the videotaped pretrial statements of Bobb and Bailey did not constitute a violation of *Bruton v. United States,* 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) or of OCGA § 24-3-52, inasmuch as all appellants made a statement and both Bobb and Bailey testified at trial and were subject to cross-examination. Any error in the admission of Wright's statement, because Wright did not testify, was harmless. The statements were interlocking and supportive of each other; the evidence against each appellant was overwhelming; and the jury was properly charged to consider the statements only against the respective makers. *Short v. State,* 256 Ga. 165 (5) (345 SE2d 340) (1986); *Allen v. State,* 255 Ga. 513 (1) (340 SE2d 187) (1986).

4. The trial court did not abuse its discretion in denying Bobb's and Bailey's motions to sever their trials. In view of the circumstances of the admission of the videotaped statements and the absence of any showing by appellants of harm, we find no merit to this enumeration of error. See *Guimond v. State,* 259 Ga. 752 (3) (386 SE2d 158) (1989); *Chapman v. State,* 263 Ga. 393 (2) (435 SE2d 202) (1993); *Jones v. State,* 245 Ga. 592 (3) (266 SE2d 201) (1980).

5. We find no merit to appellants' remaining enumerations of error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1994.

*Johnny B. Mostiler,* for appellant (case no. S93A1859).
*Alexander J. Repasky,* for appellant (case no. S93A1860).
*Robert L. Rehberger,* for appellant (case no. S93A1861).
*Johnnie L. Caldwell, Jr., District Attorney, William T. Mc-Broom III, Assistant District Attorney, Michael J. Bowers, Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.