## A98A2277. HADLEY v. THE STATE.
(510 SE2d 569)

Judge Harold R. Banke.

James Derek Hadley was convicted of arson after setting fire to a dwelling. On appeal, Hadley's sole challenge is to the admission of a statement in which he implicated himself.

The evidence, when viewed in a light most favorable to the verdict, showed that the victim, Sandra, and Hadley had an argument. After telling Hadley not to come to her house anymore, the victim removed Hadley's clothes from her home and drove away to take them elsewhere. When the victim's daughter spotted Hadley using lighter fluid to set her mother's clothes on fire, she ran to a neighbor's house and yelled, "Derek . . . that fool, set mama [sic] clothes on fire." The neighbor rushed over and after unsuccessfully attempting to extinguish the blaze, contacted the fire department. As another neighbor responded to the victim's daughter's request for help, she spotted Hadley as he was walking away. Hadley told her, "I set the motherf----- apartment, clothes on fire," or words to that effect. When asked why, Hadley replied, "Cause the bitch deserved it. She took my clothes."

Sergeant Guy Winkleman attempted to locate Hadley at the home of a relative and discovered that "James Hadley" was known as "Derek." About that time, police intercepted a man who seemed to match a description of Hadley. An officer contacted Winkleman to inform him that a suspect had been stopped but that the man denied being James Hadley. Winkleman then went to the scene to verify the man's identity. Although he had no prior acquaintance with Hadley, Winkleman pretended otherwise and bluffed, "This is not James Hadley, this is Derek." After initially denying that fact, Hadley admitted he was Derek and said, "Yeah, you've got me." Winkleman

then asked Hadley what he was doing there and why he had lied to the officers. Hadley responded that he had "damaged some stuff" up the road. Then Winkleman inquired, "You mean at Sandra's house?" which Hadley confirmed by saying, "Yeah, I damaged some stuff up at Sandra's house."

At the suppression hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), Hadley sought to suppress only his response to the question, "You mean at Sandra's?" claiming that it was a statement violative of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). The trial court found that the encounter was not custodial and denied the motion. *Held*:

In his sole enumeration of error, Hadley contends that the trial court committed reversible error in admitting his response to the last question. Hadley claims that four officers were present and that he was clearly in custody and being interrogated.

Under *Miranda*, persons must be advised of their rights against self-incrimination after being taken into custody or otherwise deprived of their freedom of action in any significant way. *Reinhardt v. State*, 263 Ga. 113, 114 (3) (a) (428 SE2d 333) (1993). In distinguishing between custodial and non-custodial interrogation, several factors may be utilized. *State v. Hendrix*, 221 Ga. App. 331, 333 (1) (471 SE2d 277) (1996). These include: probable cause to arrest, subjective intent of the police, subjective belief of the defendant, and the focus of the investigation. Id.

Here, law enforcement officers were detaining a man as a possible arson suspect. After the officer ascertained that this person was, in fact, Hadley, police had probable cause to arrest Hadley, their prime suspect and the focus of their investigation. Further questioning was nothing more than a thinly veiled effort to solicit inculpatory information useful toward establishing Hadley's guilt. *Lolley v. State*, 259 Ga. 605, 606 (2) (b) (385 SE2d 285) (1989) (critical test is whether the questioning is aimed at determining the nature of the situation or is aimed at obtaining information to establish guilt). Compare *Shy v. State*, 234 Ga. 816, 821-822 (I) (218 SE2d 599) (1975). This evidence should have been excluded. See *Lolley*, 259 Ga. at 606 (2).

Nevertheless, we find the error was harmless because the evidence of Hadley's guilt was overwhelming. The victim's daughter observed Hadley pile up the clothes then set them on fire. Hadley admitted to a neighbor that in retaliation, he had set the fire. In these circumstances, we find beyond a reasonable doubt that the error did not contribute to the verdict. *Metheny v. State*, 197 Ga. App. 882, 886 (1) (d) (400 SE2d 25) (1990). See *Eiland v. State*, 246 Ga. 112, 116 (2) (268 SE2d 922) (1980).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED DECEMBER 11, 1998.

*Harold B. Baker, Ronald R. Parker,* for appellant.
*J. David Miller, District Attorney, Mark E. Mitchell, Assistant District Attorney,* for appellee.