## S04A1718. ROBINSON v. THE STATE.
(607 SE2d 559)

SEARS, Presiding Justice.

Appellant Antwane Robinson appeals his convictions for murder and armed robbery,[1] claiming that the trial court committed several errors requiring reversal and that trial counsel was ineffective. Having reviewed the record, we conclude the trial court properly admitted appellant's pre- and post-arrest statements, properly oversaw jury selection, and properly charged the jury on theories relevant to the evidence. We also conclude that the evidence was sufficient and that trial counsel was not ineffective. Therefore, we affirm.

---

[1] The crimes occurred on August 22, 2002. Appellant was indicted on December 22, 2002, and trial was held on April 21-22, 2003. Appellant was convicted on all counts and received a life sentence for malice murder and a consecutive ten year sentence for armed robbery. Two separate convictions for felony murder were properly treated as surplusage, and an aggravated assault conviction merged as a matter of fact into the conviction for malice murder. A motion for new trial was filed on May 13, 2003, amended on March 10, 2004, and denied on April 1, 2004. The notice of appeal was filed on April 28, 2004, the appeal was docketed on June 24, 2004, and argued before the Court on October 12, 2004.

The evidence of record shows that appellant drove the victim to an adjustor's office, where the victim received a $2,000 insurance settlement check. Appellant then drove the victim to obtain an identification card, and took him to a liquor store, where the victim cashed the check. Thereafter, appellant was seen arguing with the victim over money. Still later, a surveillance video from a DeKalb County store showed appellant, the victim and appellant's accomplice, Bryant, together. The victim's body was discovered four days later; he had been shot twice. When police questioned appellant, he initially denied knowing the victim. Appellant then gave a written statement in which he stated that he knew the victim, but had not seen him for several weeks. After that, appellant changed his story again, and gave a written statement claiming that he was with the victim and Bryant on the night the surveillance video was recorded, and that Bryant had shot and killed the victim. Appellant gave a videotaped statement to this same effect. Appellant was then taken home by an officer. He was arrested the following day. At that time, he gave police a written statement averring that Bryant had used a gun owned by appellant's brother to commit the murder, and that appellant had broken down the gun and scattered its parts. A portion of the gun was recovered. Appellant then gave police a second videotaped statement.

Several days before appellant's trial, Bryant pled guilty to voluntary manslaughter and illegal firearm possession. He did not testify at appellant's trial. At trial, appellant admitted that he had taken the victim to obtain the check and identification card, and that he was with the victim when the check was cashed, but continued to insist that Bryant had shot and killed the victim.

1. The evidence of record, construed most favorably to the verdict, was sufficient to enable rational triers of fact to find appellant guilty of murder and armed robbery.[2]

2. The evidence of record shows that appellant's pre-arrest statements to police were made voluntarily. At the *Jackson-Denno* hearing,[3] officers testified that when asked to come to the police station and give a statement, appellant was told that he was free to refuse but nonetheless agreed to accompany the officers. Appellant was not handcuffed and was transported to the station in an unlocked, unmarked car. He was told that he was not under arrest and could return home when he wished. Questioning took place in an unlocked room. There is no indication in the record that appellant informed the officers that he wanted the interview to end, that he

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

wished to speak with counsel, or that he wished to leave the station. After appellant made his statements, he was driven home by an officer. These circumstances, when viewed objectively, show that appellant's pre-arrest statements were not given during a custodial interrogation or its functional equivalent. Hence, no *Miranda* warnings were required and appellant's pre-arrest statements were properly admitted.[4]

3. As for appellant's post-arrest statements, the trial court found those statements were made after appellant had been properly informed of his *Miranda* rights and had knowingly and voluntarily waived them. Since appellant has not shown that these findings were clearly erroneous, we accept them.[5]

4. The trial court did not err by failing to excuse a member of the jury pool who was certified as a Georgia Peace Officer. The prospective juror was working as a security guard at a convention center. In order to be subject to dismissal for cause, a member of the venire who is a law enforcement officer must be a full-time sworn police officer with arrest powers.[6]

5. The trial court did not err by failing sua sponte to charge the jury on "mere association."[7] The court charged the jury on "mere presence," which included an instruction that "the mere presence of a person at the scene of the commission of a crime at the time of its perpetration without more will not authorize the jury to find the person who was merely present guilty of consent in and concurrence in the commission of the crime. . . ." This charge was not only applicable to the issues and evidence placed before the jury, it also covered in substance the same principles involved in a "mere association" charge.[8]

6. Appellant has failed to establish that trial counsel was ineffective, which requires showing both that counsel's performance was deficient and that appellant's defense was prejudiced as a result

---

[4] See *Rhode Island v. Innis*, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980); *Metts v. State*, 270 Ga. 481, 483-484 (511 SE2d 508) (1999); *Hardeman v. State*, 252 Ga. 286, 288 (313 SE2d 95) (1984). Although appellant gave conflicting statements during initial questioning, he steadfastly denied having committed the murder. Therefore, we reject his contention that during initial questioning, police established probable cause to arrest and that "[f]urther questioning was nothing more than a thinly veiled effort to solicit inculpatory information useful toward establishing – guilt." *Hadley v. State*, 235 Ga. App. 737 (510 SE2d 569) (1998).

[5] *Yorker v. State*, 266 Ga. 615, 617 (469 SE2d 158) (1996).

[6] *Prince v. State*, 277 Ga. 230, 235 (587 SE2d 637) (2003).

[7] See Davis & Shulman, Georgia Practice & Procedure, § 21-3 ("It is the duty of the court, whether requested or not, to give the jury appropriate instructions on every substantial and vital issue presented by the evidence, and on every theory of the case.").

[8] See Suggested Pattern Jury Instructions, Vol. II, §§ 1.43.30, 1.43.31; *Miller v. State*, 249 Ga. 96, 98 (287 SE2d 543) (1982) ("[A] 'mere presence' charge covers in substance the same principles involved in a requested 'mere association' charge.").

thereof.[9] Despite counsel's admission that, due to successive trials, he was overworked and fatigued at the time of appellant's trial, our review of the record reveals that counsel's representation of appellant was far from inadequate. Counsel aggressively cross-examined the State's witnesses; raised numerous objections; and effectively presented appellant's case — in which he claimed that Bryant, not appellant, was the shooter — to the jury. Appellant claims that he was insufficiently prepared to testify at trial, as evidenced by the State's "withering cross-examination" of him. The record shows, however, that counsel met with appellant numerous times before and during trial, including a meeting held on the day before appellant's testimony. Moreover, the transcript indicates that whatever problems appellant may have encountered during cross-examination were due primarily to his conflicting pre-trial statements — which he argued were involuntary and coerced — rather than with his state of preparedness. As for appellant's claim that trial counsel erred by not requesting a charge on "mere association," we have already held that the trial court's charge on "mere presence" was sufficient.[10]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*Robert H. Citronberg,* for appellant.

*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Jeanne M. Canavan, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General,* for appellee.

---

[9] *Strickland v. Washington,* 466 U. S. 668, 688, 693-694 (104 SC 2052, 80 LE2d 674) (1984).

[10] Appellant's claims that trial counsel was ineffective for failing to confer with appellant about a juror who was excused and for failing to disclose a conflict of interest regarding a potential defense witness are without merit.