## S08A1636. SANFORD v. THE STATE.
### (671 SE2d 820)

HINES, Justice.

A jury found Alvin Dexter Sanford guilty of malice murder, felony murder, aggravated assault (with a deadly weapon), possession of a knife during the commission of a felony, and theft by taking a motor vehicle in connection with the fatal stabbing of 93-year-old John Robinson. Sanford appeals his convictions, claiming error in the trial court's failure to redact portions of his videotaped interview with police and in the trial court charging the jury on alcoholism. For the reasons which follow, we affirm.[1]

---

[8] *Chapman v. State*, 280 Ga. 560, 560-561 (629 SE2d 220) (2006); *Gay v. State*, 279 Ga. 180, 183 (611 SE2d 31) (2005).

[1] The crimes occurred on August 17, 2006. On November 15, 2006, a Fulton County grand jury indicted Sanford for Count 1 – malice murder; Count 2 – felony murder while in the commission of aggravated assault (with a deadly weapon); Count 3 – aggravated assault (with a deadly weapon); Count 4 – possession of a knife during the commission of a felony; and Count 5 – theft by taking a motor vehicle. Sanford was tried before a jury August 21-23, 2007, and was found guilty on all counts. On August 27, 2007, Sanford was sentenced to life in prison on Count 1; five years in prison on Count 4, to be served consecutively to the sentence on Count 1; and ten years in prison on Count 5, to be served consecutively to the sentence on Count 1 and concurrently with the sentence on Count 4. The verdict on Count 2 stood vacated by operation of law, and the trial court found that Count 3 merged with Count 1 for the purpose of sentencing. A motion for new trial was filed on September 6, 2007, amended on February 14, 2008, and denied on March 27, 2008. A notice of appeal was filed on April 2, 2008, and the case

The evidence construed in favor of the verdicts showed that around 3:00 or 3:30 p.m. on August 17, 2006, Jerome Mitchell, who was the grandson of John Robinson and Amanda Phillips, Robinson's deaf and bedridden elderly housemate, found Robinson's body in the pair's home. The elderly five-foot-three-inch, 118-pound Robinson died as a result of two stab wounds to his chest. Mitchell last saw Robinson alive at 11:00 p.m. the previous day.

Robinson's daughter, Carolyn Sanders, had planned on picking up $700 from Robinson on August 17th to pay his bills, as was their monthly arrangement. Days before being stabbed, Robinson complained to Sanders that Sanford, who assisted Robinson in exchange for staying at Robinson's and Phillips's home, had been asking him for money. Sanford was present when Mitchell left Robinson's and Phillips's home on August 16th. Between 1:30 a.m. and 2:00 a.m. on August 17th, neighbors witnessed Sanford leave the home erratically driving Robinson's Ford Taurus.

When police officers arrived at the crime scene, they found no sign of forced entry into the home. After investigators discovered that Sanford was seen leaving in the Ford Taurus, Robinson's car was placed in a stolen car database indicating that the car was stolen and was used in connection with a homicide. Sanford drove Robinson's car to the home of Sanford's sister, Cynthia Horton. Horton called the police after receiving information about a stolen car. Sanford was arrested in regard to the stolen vehicle and was turned over to Atlanta homicide detectives on August 17th. Sanford was questioned by Investigators Gentile and Smith, and he admitted taking Robinson's car, but denied killing Robinson. Sanford admitted he had been drinking heavily since 10:00 a.m. on August 16th. After Sanford gave his statement, one of the detectives noticed blood on Sanford's clothing. The clothing Sanford was wearing while giving his statement was the same clothing he wore when leaving Robinson's and Phillips's home. The DNA from the blood on Sanford's clothing tested positive for Robinson's DNA.

1. The evidence was sufficient to enable a rational trier of fact to find Sanford guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Smith v. State*, 283 Ga. 237, 238 (1) (657 SE2d 523) (2008).

2. Sanford contends that the trial court erred in failing to redact the "irrelevant, argumentative, and prejudicial" portions of his videotaped interview with police. He argues that the trial court erred

---

was docketed in this Court on June 13, 2008. The appeal was submitted for decision on August 4, 2008.

in admitting any portion of the interview beyond the first two or so minutes because within that time he admitted stealing Robinson's car and the remainder of the interview "represents mere speculation by the police officers as to what might have happened to the victim and thus has no probative value." He urges that the remainder of the interview was improperly admitted into evidence because it contained evidence of his alcohol use, and therefore, bad character, to which he had not "opened the door"; any probative value was outweighed by the prejudicial effect; and it contained the police officer's opinion, thereby improperly invading the province of the jury. But, the arguments are unavailing.

The interview in question consisted of two tapes and resulted in a substantive transcript of 76 pages. Following a hearing on Sanford's motions to suppress and in limine, the trial court suppressed 40 pages of the interview, which contained references to Sanford's drug use and an apparent suicide attempt, resulting in a redacted version of the interview comprising 36 pages of transcript. It was not error for the trial court to refuse to suppress this remaining portion of the interview on the basis that the statements about Sanford's alcohol consumption improperly placed his character at issue because generally an adult's consumption of alcohol is irrelevant to the issue of character. *Davis v. State*, 272 Ga. 327, 334 (7), n. 26 (528 SE2d 800) (2000); *Steverson v. State*, 276 Ga. App. 876, 880 (4) (625 SE2d 476) (2005). As to the claim that any probative value of this evidence was outweighed by its prejudicial effect, when evidence is challenged on that ground, the trial court must exercise its discretion in determining admissibility. *Carroll v. State*, 261 Ga. 553, 554 (2) (408 SE2d 412) (1991). There was no abuse of discretion in this instance. Certainly, Sanford's own statements about the crimes on trial are relevant. Id. He admitted taking Robinson's car, explaining that he did so while on a drinking binge, and that his intoxication prevented him from remembering certain aspects of the events surrounding his theft of the vehicle. Finally, the officer's statements during the interview did not invade the province of the jury. What Sanford characterizes as the officer's inadmissible statements regarding his theory of the crimes "was nothing more than police questioning aimed at eliciting responses from a defendant in custody." *Rowe v. State*, 276 Ga. 800, 803 (2) (582 SE2d 119) (2003). Compare *Fordham v. State*, 254 Ga. 59 (325 SE2d 755) (1985) (investigator testified that it was his opinion that there was nothing in the defendant's statements that would have justified him killing the victim).

3. There is no merit to Sanford's contention that the trial court erred in giving the jury a charge on alcoholism[2] based on the claim that there was no evidence of his alcoholism presented at trial. Even though Sanford's express admission that he was an alcoholic was contained in the portion of the interview that was suppressed, there was ample evidence in the redacted interview, including Sanford's repeated characterization of his drinking as excessive and the officer's unrefuted reference to Sanford's "relapse," to enable the jury to make the reasonable inference that Sanford had a problem with alcohol consumption. The jury charge on alcoholism was appropriate under the facts of this case.[3] See *State v. Johnson*, 280 Ga. 511, 513 (630 SE2d 377) (2006) (a jury charge must be, inter alia, authorized by the evidence).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2009.

*Luana K. Walsh*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.

---

[2] The charge at issue stated:
Alcoholism is not involuntary and is no defense to any criminal act. A who [sic] person knows that he suffers a chronic alcohol drinking problem or knows that he suffers from alcoholism may not intentionally and voluntarily induce or bring on a state of intoxication and then be excused from the commission of a criminal act during the voluntarily induced intoxicated state.

[3] There is likewise no merit to Sanford's complaints in argument that the trial court should have also charged the jury to disregard bad character evidence, and that the giving of the charge on alcoholism, in effect, was an expression of opinion or comment by the trial court that alcoholism was proven at trial.