S08A1847. CANE v. THE STATE.
(673 SE2d 218)

HUNSTEIN, Presiding Justice.

Lawrence Cane was convicted of murder, possession of a knife during the commission of a felony, robbery and related crimes arising out of the stabbing death of Andrea Flynt and the taking of Kimberly Lamb's motor vehicle. He appeals from the denial of his motion for new trial.[1] Finding no error, we affirm.

1. The evidence authorized the jury to find that the day after appellant was released from jail, he learned from Flynt, the mother

---

[1] The crimes occurred November 9, 2004. Cane was indicted February 2, 2005 in Gwinnett County on charges of murder, felony murder, aggravated assault, possession of a knife during commission of a felony (three counts) and robbery. He was found guilty on all counts on April 28, 2006 and was sentenced May 3, 2006 to life imprisonment for murder with consecutive twenty-year and five-year sentences, respectively, for robbery and one knife possession charge; the remaining charges were merged. Cane filed a motion for new trial that same day, which, as amended, was denied May 30, 2008. A notice of appeal was filed June 13, 2008. The appeal was docketed July 17, 2008 and submitted for decision on the briefs.

of his two children, that she was romantically involved with someone else. Claiming that he wanted to see his children, appellant arranged for Flynt to get him in her car. He took a kitchen knife from his parents' home and joined Flynt in the car, with their two young children in the back seat. As Flynt was driving the two began to argue. Appellant produced the knife and, despite Flynt's struggles, stabbed her six times, including a fatal wound to her abdomen. Flynt's car crashed in a parking lot and appellant fled into the middle of a nearby road. Appellant took advantage of a BMW that slowed down for him by jumping into the passenger seat and threatening the driver, Lamb, in a manner that led her to believe he had a gun. When appellant ignored Lamb's orders to get out, she exited her vehicle and appellant drove it from the scene. Appellant was arrested early the next morning after a police officer persuaded him not to jump off an Interstate 85 overpass. At trial the jury heard Cane's two videotaped statements to police, in which he claimed that the stabbings were accidentally inflicted during the struggle over the knife and that the fatal wound resulted when the vehicle's airbag deployed in the crash, forcing the weapon into the victim's abdomen. A cellmate, William Sorter, testified that appellant made statements to Sorter about having just been released from jail, using drugs, arguing with his girlfriend and stabbing her with a long-bladed knife that he picked up from the house after realizing she was serious about leaving him.

The evidence adduced was sufficient to enable a reasonable trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant filed a motion in limine seeking to exclude the introduction of all prejudicial and irrelevant comments he made in his videotaped statements that incidentally placed his character in issue. The trial court granted his motion as to some matters and the State agreed to redact others. However, appellant contends the trial court committed reversible error by denying his motion as to his statements that he had been released from jail the day before the crimes; that he had previously had a "shoving incident" with the victim's son; that he had previously used drugs and attended a rehabilitation clinic; that he had carried a gun in the past; and that if he was going to kill anyone, it would have been his first wife years ago. We find for the following reasons that no reversible error was committed by the admission of these statements.

(a) Pretermitting the State's arguments that appellant's statements about his release from jail the day before the charged crimes and his drug use were relevant and admissible, appellant cannot establish reversible error because the transcript reflects these state-

ments were cumulative of Sorter's testimony, admitted without objection, regarding the same statements appellant made to Sorter while they were cellmates. See *Hancock v. State*, 277 Ga. 835 (5) (596 SE2d 127) (2004) (admission of purportedly improper character evidence harmless because cumulative of other legally admissible evidence). Given that appellant's drug usage was properly before the jury, appellant cannot show how he was harmed by the admission of his statement that he had previously sought help with his drug problem by attending a rehabilitation clinic. Compare *McPherson v. State*, 274 Ga. 444 (15) (553 SE2d 569) (2001) (testimony that defendant repeatedly refused to complete treatment for his drug addiction as bad character evidence).

(b) Likewise, appellant's testimony regarding a shoving incident with the victim's son was cumulative of testimony by Telfair, a close friend of the victim, who recounted the pushing event as told to her by the victim. See generally *Allen v. State*, 284 Ga. 310 (2) (667 SE2d 54) (2008) (evidence of prior difficulties between defendant and victim admissible under necessity exception to hearsay rule).

(c) Contrary to appellant's argument, the trial court did not improperly admit bad character evidence by allowing appellant's statement that he had carried a gun in the past. "Gun ownership and the custom of carrying a gun do not, by themselves, impute bad character." (Footnote omitted.) *Davis v. State*, 272 Ga. 327, 329 (2) (528 SE2d 800) (2000). As appellant himself concedes, the evidence establishes that there was no gun involved in the charged crimes[2] and, notwithstanding his claim that he was prejudiced by the statement, appellant has failed to show that the trial court abused its discretion in admitting it. See generally *Sanford v. State*, 284 Ga. 785 (2) (671 SE2d 820) (2009).

(d) The trial court refused to redact appellant's statement to the effect that "if [he] was going to kill anyone, it would have been [his] first wife years ago" because of the length of their relationship and the emotional trauma when it ended. Even assuming, arguendo, that admission of this statement was error, the evidence of appellant's guilt was so overwhelming that we find there is no reasonable probability that the verdict of the jury would have been different had the improperly-admitted statement been excluded. See generally *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. Appellant contends that the trial court erred by denying his post-trial motion for funds for an independent psychiatric examina-

---

[2] Although Lamb, the robbery victim, reasonably believed that appellant had a gun based on his action in reaching behind his back as if to retrieve a weapon, she also testified that she never saw a gun and nothing appellant said to her indicated that he had a gun.

tion of his competency. Appellant asserts that such an examination was necessary because his incompetency was indicated by the "emotional and obsessive behavior" he demonstrated at trial and at the hearing on his motion for new trial regarding his "unreasonable" belief that his statements to the police had been edited.[3] Appellant did not, either prior to or during trial, raise the issue of his competency or seek a hearing regarding his competency, and our examination of the record fails to reflect anything that would have required the trial court to make a sua sponte inquiry about it. See *Traylor v. State*, 280 Ga. 400 (4) (a) (627 SE2d 594) (2006). Based on our review of the record and the matters presented by appellant in support of his post-trial motion, we cannot conclude that the trial court abused its discretion by denying his motion for funds. See *Dyer v. State*, 278 Ga. 656 (8) (604 SE2d 756) (2004). We find no merit in this enumeration.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, John A. Warr, Assistant District Attorney, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.

---

[3] We note that appellant's statements to the police *had* been edited, pursuant to his motion in limine. See Division 2, supra.