## A09A0244. BROWN v. THE STATE.
### (679 SE2d 808)

BERNES, Judge.

Shajarvis Brown was tried by a jury and convicted on seven counts of armed robbery. He appeals, arguing that the trial court erred by denying his motion for mistrial following the introduction of improper character evidence and by denying his request to charge on mere association. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in

the light most favorable to the jury's verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Spragg v. State*, 292 Ga. App. 37, 38 (1) (663 SE2d 389) (2008). So viewed, the evidence presented at trial showed that on the night in question, law enforcement officers responded to the home of James Jabaley following the report of a robbery and shooting. Upon their arrival, the officers learned that Jabaley had been hosting a poker game at his residence. Those present included Jabaley, Steve Pressley, and five other players. As Pressley opened the door to leave, he was met by three masked men, one of whom forced a gun in his face, ordered him to turn around, and demanded that he "give it up." After doing what he was told, Pressley was shot in the back. The men then stormed into the residence and demanded money at gunpoint from Jabaley and the remaining players.

During the course of the officers' investigation into the Jabaley robbery, they learned of a separate attempted armed robbery that was believed to be related. Specifically, they learned that Ashley Williams, who had been arrested for the other crime, confessed to participating in the Jabaley robbery and implicated Brown, his brother Broderick Brown, Trimario McCoy, and Willie Boddie. Following Williams's confession, McCoy and Boddie were also interviewed and each confessed to his participation in the Jabaley robbery and implicated Brown as an active participant in that crime.

Williams, McCoy, and Boddie all testified for the state at Brown's trial. They confirmed that Brown planned and participated in the Jabaley robbery and shared in the money taken from the victims.

The jury also heard testimony from the officer who interviewed Brown about the Jabaley robbery. The officer testified that he had conducted the interview while Brown was incarcerated on drug charges. Brown's trial counsel immediately objected on the ground that the challenged testimony improperly injected Brown's character into evidence and moved for a mistrial. The trial court denied Brown's motion for a mistrial but gave a curative instruction directing the jury to disregard the statement and not consider it in any manner when contemplating the outcome of the case. The officer then disclosed to the jury the contents of Brown's statement, in which Brown admitted to being at Jabaley's residence at the time of the crime, but stated that he was only there to sell drugs to the other participants in the armed robbery and was unaware that they intended to commit a robbery.

1. Although not specifically enumerated as error, the evidence presented was sufficient to authorize any rational trier of fact to find Brown guilty beyond a reasonable doubt of seven counts of armed robbery. See OCGA § 16-8-41 (a); *Jackson v. Virginia*, 443 U. S. at 307.

2. Brown contends that the trial court erred in denying his motion for mistrial made after the state elicited testimony that Brown was incarcerated on drug charges at the time that he was interviewed. See generally *Morgan v. State*, 287 Ga. App. 569, 572-573 (4) (651 SE2d 833) (2007) ("In order to protect an accused and to ensure him of a fair and impartial trial before an unbiased jury, the general character of an accused is inadmissible unless the accused chooses to put his character in issue."). We disagree. The trial court's curative instruction was sufficient to eliminate any harm that may have resulted from the remark. *Goldsby v. State*, 273 Ga. App. 523, 533-534 (10) (615 SE2d 592) (2005). The remark was also rendered harmless by the proper admission at trial of other evidence regarding Brown's drug activity. In Brown's statement to police, he professed to be at the crime scene for the purpose of selling drugs to the other participants in the armed robbery. See *Cane v. State*, 285 Ga. 19, 20-21 (2) (a) (673 SE2d 218) (2009); *Appling v. State*, 281 Ga. 590, 592 (3) (642 SE2d 37) (2007).

3. Brown further argues that the trial court erred in denying his request to give the following jury charge on "mere association":

> The jury is not authorized to find a person who was merely associated with other persons involved in the commission of a crime guilty of consent in or concurrence in the commission of the crime unless the evidence shows beyond a reasonable doubt that such person helped in the actual perpetration of the crime or participated in the criminal endeavor.

Instead, the trial court gave the following instruction on "mere presence":

> A jury is not authorized to find a person who was merely present at the scene of the commission of a crime at the time of its perpetration guilty of consent in and concurrence in the commission of the crime unless the evidence shows beyond a reasonable doubt that such person committed the alleged crime, helped in the actual perpetration of the crime, or participated in the criminal endeavor.

The trial court's charge covered the same relevant principles of law as Brown's requested charge, and the trial court did not err in refusing to give both instructions. See *Robinson v. State*, 278 Ga. 836, 838 (5) (607 SE2d 559) (2005); *Miller v. State*, 249 Ga. 96, 98 (2) (287 SE2d 543) (1982).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 5, 2009.

*Jon C. Rhoades*, for appellant.
*Peter J. Skandalakis, District Attorney, William D. Hocutt, Assistant District Attorney*, for appellee.