## A09A0237. KESSINGER v. THE STATE.
(680 SE2d 546)

DOYLE, Judge.

Following a jury trial, Sherri Kessinger appeals her conviction for possessing methamphetamine[1] and oxycodone,[2] contending (1) that the evidence was insufficient to prove that she possessed oxycodone, and (2) that she received ineffective assistance of counsel. Discerning no basis for reversal, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[3]

So viewed, the evidence shows that several law enforcement officers executed a search of Kessinger's house pursuant to a Fourth Amendment waiver obtained in connection with a prior first-offender drug prosecution. The officers found Kessinger and Jerry Grissom clothed and dozing in Kessinger's bedroom. The officers explained that they were performing a search of the house for drugs, and they asked Kessinger if she had any drugs in the house. She replied that there was methamphetamine hidden in a glove in a drawer of a night stand on her side of the bed. The officer retrieved the glove, which contained methamphetamine, a glass pipe, and several small plastic bags. A prescription pill bottle, labeled with a third party's name, sat in plain view on Kessinger's dresser and contained oxycodone pills.

Meanwhile, the officers had also asked Grissom if he had any drugs or weapons on his person, and, through a combination of Grissom's consent and a drug dog alert, they eventually found oxycodone pills in a "hide-a-key" container in Grissom's pocket, and oxycodone pills, marijuana, methamphetamine, and several small plastic bags in a black duffel bag by the bed, in which Grissom had indicated he had a knife.

Based on the oxycodone on the night stand, and the methamphetamine in the drawer, Kessinger was charged with possession of

---

[1] See OCGA §§ 16-13-30 (a); 16-13-26 (3) (B) (listing methamphetamine as a Schedule II controlled substance).

[2] See OCGA §§ 16-13-30 (a); 16-13-26 (1) (A) (xiii) (listing oxycodone as a Schedule II controlled substance).

[3] (Punctuation omitted.) *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

both controlled substances.[4] Following a jury trial resulting in a guilty verdict and the denial of her motion for new trial, Kessinger now appeals.

1. Kessinger contends that the evidence did not suffice to support the guilty verdict with respect to her possession of oxycodone because the State failed to introduce scientific evidence proving that the pills were oxycodone. We disagree.

> When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[5]

With respect to the identification of drugs, "identification testimony of experienced officers [is] admissible, and expert testimony based on scientific tests is not required to establish a substance is" a controlled substance.[6] Here, the pills were contained in a prescription bottle labeled oxycodone, and there was testimony from two experienced witnesses qualified as experts in drug identification that, based on their experience and the fact that the pills' logo matched that of pharmaceutically prepared oxycodone tablets, the pills were oxycodone. This testimony was evidence of the pills' identity, and it was sufficient to authorize a rational trier of fact to find that the pills were oxycodone.[7]

2. Kessinger also contends that she received ineffective assistance of counsel because her attorney (a) failed to object to evidence elicited by the State of prior drug activity at Kessinger's residence, (b) failed to object to hearsay evidence that the hide-a-key container was known to be used by Kessinger to contain drugs, and (c) failed to object to references to improper evidence in co-counsel's closing argument. Nevertheless, we discern no basis for reversal.

To succeed on an ineffective assistance claim, Kessinger must demonstrate both that her trial counsel's performance was deficient and that there is a reasonable probability that the trial result would

---

[4] Grissom was charged with and tried jointly for possessing the contraband in his pocket and the black bag. His case is not relevant to this appeal.

[5] (Citations, punctuation and emphasis omitted.) *Patterson v. State*, 272 Ga. App. 675, 676 (1) (613 SE2d 200) (2005). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] *Jones v. State*, 268 Ga. App. 246, 249 (1) (601 SE2d 763) (2004).

[7] See OCGA § 24-4-8 (testimony of a single witness sufficient to establish a fact); *Atkinson v. State*, 243 Ga. App. 570, 572 (1) (531 SE2d 743) (2000) (whole court) (holding that lawful drug conviction does not require scientific evidence).

have been different if not for the deficient performance.[8] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[9] If an appellant fails to meet her burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[10] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[11]

(a) *Failure to object to references of prior drug activity at Kessinger's residence.* At trial, the State elicited testimony in its case-in-chief that police had on numerous occasions investigated drug activity at Kessinger's house, and police were similarly investigating "recent drug complaints" during the encounter at issue. Kessinger argues that this hearsay-based testimony improperly put her character at issue. However, pretermitting the admissibility of this evidence,[12] trial counsel testified at the motion for new trial hearing that he believed "the facts were against us," and that he made the "tactical" decision to highlight the fact that officers had investigated Kessinger's house "a total of eight times and on [only] two occasions they found" a small quantity of methamphetamine. Based on this, trial counsel "thought that showed that [an accusation of present drug involvement] was more likely to be inaccurate than accurate." During trial counsel's closing argument he emphasized these facts to show that, despite the fact that Kessinger had been involved with drugs in the past, she had reformed.

> The standard regarding ineffective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight, but counsel rendering reasonably effective assistance. The test for reasonable attorney performance is whether a reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Under the circumstances, we cannot say that defense counsel's

---

[8] See *Strickland v. Washington*, 466 U. S. 668, 687-688, 694 (III) (A)-(B) (104 SC 2052, 80 LE2d 674) (1984).

[9] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[10] See *Strickland*, supra, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[11] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[12] See, e.g., *Doyal v. State*, 287 Ga. App. 667, 669-670 (2) (653 SE2d 52) (2007).

strategy was unreasonable, and we will not use hindsight to second-guess that strategy.[13]

Therefore, this enumeration fails to demonstrate deficient performance on the part of Kessinger's trial counsel.

(b) *Failure to object to hearsay characterization of hide-a-key container as used by Kessinger to hold drugs.* At trial, counsel for Kessinger's co-defendant elicited testimony from an investigating officer that he expected to find a hide-a-key container because he had been told that that was where Kessinger kept her drugs. Kessinger's trial attorney failed to object, and at the new trial hearing, he testified that "I should have objected to that," and clarified that "I had been hurt just about as badly as I could have been hurt by that and had I [challenged the testimony], I was afraid I could have been hurt worse because . . . I did not know what the officer's answer would be if the inquiry was made more specific."

Even assuming this to be deficient performance, we conclude that Kessinger cannot demonstrate that there is a reasonable probability that the trial result would have been different if this deficiency had not occurred. Trial counsel had already pursued a strategy based on showing that similar hearsay accusations were baseless, and this characterization of Kessinger was cumulative of that evidence. Therefore, this argument is not a basis for a new trial.[14]

(c) *Failure to object to references to alleged hearsay and character evidence in co-counsel's closing argument.* At trial, Kessinger's co-defendant made references during his closing argument to the multiple drug-related investigations of Kessinger and to the fact that police expected to find drugs in Kessinger's hide-a-key container. At the motion for new trial hearing, trial counsel explained that, for strategic reasons, he did not challenge the references to Kessinger's prior drug investigations and that he did not think that co-defendant's counsel's argument was improper because it was based on admitted evidence.[15] As counsel are allowed "wide leeway . . . to argue all reasonable inferences that may be drawn from the evidence during closing argument," an objection would not have been meri-

---

[13] (Punctuation and footnotes omitted.) *Rayshad v. State*, 295 Ga. App. 29, 36 (2) (a) (670 SE2d 849) (2008).

[14] See *Kelley v. State*, 295 Ga. App. 663, 667 (2) (c) (673 SE2d 63) (2009) (no prejudice where potentially objectionable testimony was cumulative of other properly admitted testimony).

[15] Consistent with his trial strategy discussed in Division 2 (a), Kessinger's trial counsel had already decided not to object to the evidence implicating Kessinger in prior drug investigations.

torious.[16] "Trial counsel's performance was not deficient merely because he chose to abstain from raising meritless objections, and his failure to raise meritless objections was, by definition, non-prejudicial."[17]

Trial counsel admitted that, during the argument, a one-time characterization of Kessinger having a conviction for "dealing" was objectionable in light of the absence of evidence that she either sold drugs or had a conviction (in light of the first offender status of the prior offense), but we note that the reference was made in passing during the larger argument that Kessinger — and not her co-defendant — was the target of prior and ongoing drug investigations. Trial counsel went on to explain that he "considered [it] very bad form to object during counsel's . . . concluding argument," and he wanted to avoid drawing the jury's attention to the improper comment. In light of trial counsel's strategic decision not to contest the context of the current investigation — i.e., that Kessinger had been fruitlessly searched before — because he "thought it helped me," we do not find this strategy unreasonable or the single improper reference to have so prejudiced her defense as to warrant a new trial under *Strickland*.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JUNE 23, 2009.

*Whitmer & Law, George H. Law III*, for appellant.
*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.

---

[16] *Appling v. State*, 281 Ga. 590, 592 (5) (642 SE2d 37) (2007).
[17] *Hampton v. State*, 282 Ga. 490, 492 (2) (a) (651 SE2d 698) (2007).