## S10A0556. TAYLOR v. THE STATE.
### (696 SE2d 652)

HUNSTEIN, Chief Justice.

Appellant Henry Taylor was convicted of malice murder and possession of a firearm during the commission of a crime in connection with the shooting death of Gregory Smith.[1] Finding no error, we affirm.

---

[1] The crimes occurred on February 23, 2005. On June 14, 2005, Taylor was indicted by a Fulton County grand jury for malice murder, felony murder, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. A jury trial was held on July 10-13, 2006, and the jury found Taylor guilty on all counts. The trial court sentenced him to life imprisonment for malice murder and a consecutive five-year term for firearm possession. The felony murder conviction was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). On August 11, 2006, Taylor filed his motion for new trial. Taylor filed a notice of appeal on June 22, 2009 that became effective upon entry

1. The evidence at trial authorized the jury to find that in late January 2005 Taylor was staying at a home on Center Hill Avenue. When Smith visited the home to buy marijuana, he tried to steal a cell phone. Another resident of the house, Alex Williamson, confronted Smith about the cell phone. Smith denied taking the phone, but Williamson stripped Smith and recovered the phone. Several days later, on January 27, Smith's cousin and another man entered the home when Taylor was present and said they were looking for Williamson. When they did not find Williamson, they shot Taylor. After Taylor was released from the hospital he confronted Smith, accused Smith of shooting him, and then shot Smith, killing him.

The evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Taylor was guilty of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Taylor contends that the trial court erred by allowing a State's witness to testify that drugs were sold at the Center Hill Avenue house and by denying his motions for mistrial after the State argued in closing that the Center Hill Avenue house was a dope house. However, testimony about the circumstances of Smith's visit to the home, including that he had sought to purchase drugs there, was relevant and admissible to explain Taylor's motive in shooting Smith, even if the testimony may have impugned his character. See *Collins v. State*, 273 Ga. 30 (2) (538 SE2d 34) (2000). Additionally, the State's reference in closing argument to the Center Hill Avenue home as a "dope house" was not improper in light of the wide latitude given the prosecution in closing argument, see *Smith v. State*, 284 Ga. 599 (2) (a) (699 SE2d 98) (2008), and given that the record shows that the State was drawing a reasonable inference from the evidence presented. See *Varner v. State*, 285 Ga. 300 (2) (c) (676 SE2d 189) (2009).

3. Taylor also contends that the trial court erred by allowing State's witnesses to testify about Taylor having been shot, thereby placing his character in evidence. The record shows that an eyewitness testified that just before shooting the victim, Taylor confronted him, stating "you shot me." Thus, testimony about Taylor having been shot was clearly relevant and admissible even assuming that it placed his character in issue. *Collins v. State*, supra, 273 Ga. at 31 (2).

4. Taylor contends that the trial court erred by instructing the jury on the affirmative defense of alibi when Taylor did not assert

of the trial court's order denying his motion for new trial on November 17, 2009. *Hall v. State*, 282 Ga. 294 (1) (647 SE2d 585) (2007). The appeal was docketed in this Court for the April 2010 Term and was orally argued on March 9, 2010.

that defense at trial. The record shows that in opening statements, Taylor told the jury that the evidence would show that the shooting happened between 2:00 and 2:15 p.m. and that they would hear evidence that Taylor was at a different location approximately 17 miles away between 1:30 and 3:00 p.m. that day. The State called in its case-in-chief one of the witnesses listed by Taylor as potential alibi witnesses. That witness did provide testimony that Taylor was at the location referenced by Taylor in opening statements. The State also called another witness who, on cross-examination by Taylor, testified that Taylor was with him the whole time between 1:00 p.m. to 3:00 p.m. on the day of the shooting, but at a completely different location.

Only the State submitted proposed requests to charge, including a charge on alibi. After the State rested and Taylor indicated that he anticipated resting without presenting any witnesses, the trial court stated, "well, I guess we have got alibi in the case?" The State responded, "yes, your Honor"; Taylor made no response. Accordingly, the trial court gave a charge on alibi, but Taylor objected after the jury instructions were given.

The trial court's charge on alibi was legally correct and was adapted to the evidence presented at trial. Therefore, we conclude the trial court committed no error in giving the charge. See *Sanford v. State*, 284 Ga. 785 (3) (671 SE2d 820) (2009) (jury charge proper where evidence supports it); *Plemons v. State*, 194 Ga. App. 554 (2) (b) (390 SE2d 916) (1990) (trial court did not err in charging on alibi where evidence introduced by the State authorized it). See generally *Ross v. State*, 255 Ga. 1, 5 (5) (334 SE2d 300) (1985) ("instructions to the jury should be tailored to the indictment and adjusted to the evidence").

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2010.

*Mark A. Yurachek,* for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General,* for appellee.